Margaret Ann WILKINS, as Administratrix of the Estate of William Lane Wilkins, Deceased, Plaintiff-Appellant,

v.

AMERICAN EXPORT–ISBRANDTSEN LINES, INC., Defendant, and Captain Franklin F. Shellenbarger, Defendant-Appellee.

No. 55, Docket 32367.

United States Court of Appeals
Second Circuit.

Argued Sept. 18, 1968.

Decided Sept. 30, 1968.

Donald S. Sherwood, New York City (Kenneth Heller, New York City, on the brief), for appellant.

William F. Norton, Jr., New York City (Foley, Grainger & Darby, Walter A. Darby, Jr., Robert P. Whelan, New York City, on the brief), for appellee.

Before MOORE, FRIENDLY and FEINBERG, Circuit Judges.

PER CURIAM:

This is an appeal by plaintiff Margaret Ann Wilkins, administratrix of the estate of her husband, a seaman, from an order of the United States District Court for the Southern District of New York, Harold R. Tyler, Jr., J., which denied plaintiff's motion to remand the action to the Supreme Court of the State of New York. There is no need to recount in detail the deplorable procedural maneuvers in this litigation to date, which include three complaints—one in a federal court, two in a state court—three appeals, various motions and failures to comply with orders of a court. Suffice it to say that plaintiff's counsel has indulged in much activity, but effective protection of the interests of the widow and children of decedent does not shine brightly through the record.

Although neither party noticed it, we brought to their attention at oral argument the question of appealability of an order denying a remand and gave them an opportunity for further briefing. As the Supreme Court said in Chicago, R. I. & Pac. R. R. v. Stude, 346 U.S. 574, 578, 74 S.Ct. 290, 293, 98 L.Ed. 317 (1954), "Obviously, such an order is not final and appealable if standing alone." See Lewis v. E. I. Du Pont, 183 F.2d 29, 21 A.L.R.2d 757 (5th Cir. 1950); 1A J. Moore, Federal Practice 0.169 [2.-3.] (2d ed. 1965). At argument, when apprised of the appealability issue, plaintiff's counsel orally requested permission to treat the appeal as a petition for a writ of mandamus. But this case is a long way from presenting the "exceptional circumstances" that will "justify the invocation of this extraordinary remedy." Will v. United States, 389 U. S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed. 2d 305 (1967).

Accordingly, the appeal is dismissed.