**UNITED STATES TOUR OPERATORS ASSOCIATION, Brendan Tours, Europacar Tours, Inc., Arthur Frommer Charters, Inc., Pathfinder Corporation and Unitours, Plaintiffs-Appellees,**

v.

**TRANS WORLD AIRLINES, INC., Travellers Air Services, Inc., Travellers International Tour Operators, Inc. and Travellers International, Defendants-Appellants.**

Nos. 1197, 1421, Dockets 77–7134, 77–7141.

United States Court of Appeals, Second Circuit.

Argued April 19, 1977.

Decided May 27, 1977.

Harold L. Warner, Jr., New York City (Chadbourne, Parke, Whiteside & Wolff, Steven L. Cohen, New York City, of counsel), for defendant-appellant Trans World Airlines, Inc.

Robert M. Beckman, Washington, D. C. (Beckman & Smith, Washington, D. C., Marshall, Bratter, Greene, Allison & Tucker, New York City, of counsel), for defendants-appellants Travellers Air Services, Inc., and Travellers International Tour Operators, Inc.

Richard Littell, Washington, D. C. (Dickstein, Shapiro & Morin, Arthur J. Galligan and Barry Wm. Levine, Washington, D. C., of counsel), for plaintiffs-appellees.

Nathaniel L. Gerber, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., for the Southern District of New York, New York City, Thomas F. McBride and James W. Tello, Washington, D. C., of counsel), for Civil Aeronautics Board, amicus curiae.

Before MOORE, SMITH and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

Defendants Trans World Airlines, Inc. (TWA) and Travellers Air Service, Inc. (TAS) appeal from a decision of the United States District Court for the Southern District of New York, Charles E. Stewart, Jr., J., denying their motion to dismiss an action

brought by plaintiffs, five charter air tour operators and a trade association. The complaint seeks injunctive relief against defendants on the ground that TWA's control over TAS, also an air tour operator, violates section 401(a) of the Federal Aviation Act of 1958, 49 U.S.C. § 1371(a).[1] In support of their motions to dismiss, defendants argued that the Civil Aeronautics Board (CAB) had primary jurisdiction over plaintiffs' complaint. The CAB filed an amicus brief in the district court in opposition to the motions to dismiss, on the ground that the doctrine of primary jurisdiction is not applicable to the issues raised in the complaint.[2] Judge Stewart agreed, and denied defendants' motion to dismiss. They appealed, and obtained in this court a stay of all proceedings in the district court, pending disposition of the appeal.[3] We have heard argument on plaintiffs' motion to dismiss the appeal and on the merits of defendants' appeal, as well. We grant the motion to dismiss the appeal.

The order of the district court under review overruled defendants' argument that the CAB had primary jurisdiction over plaintiffs' complaint and denied motion, based on that contention, to dismiss the complaint. The order did not dispose of the case. It did not even dispose of all the other arguments appellants made as to why the complaint should be dismissed.[4] Such an order is not ordinarily considered sufficiently final to allow an appeal from it as a matter of right. Appellants claim, however, that they may appeal under the rule established by Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

In Cohen, the Court held that denial of a motion to compel security for costs presented "a serious and unsettled question," which fell "in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225–1226. Attempts to come within the scope of the Cohen doctrine have been legion, but we have not been receptive to an expansive reading of this exception to the final judgment rule. See, e. g., UAW v. National Caucus of Labor Committees, 525 F.2d 323 (2d Cir. 1975); West v. Zurhorst, 425 F.2d 919 (2d Cir. 1970); Donlon Industries, Inc. v. Forte, 402 F.2d 935, 937 (2d Cir. 1968). The reasons for the final judgment rule, see American Express Warehousing, Ltd. v. Transamerica Insurance Co., 380 F.2d 277, 280 (2d Cir. 1967), and our reluctance to depart from it hardly need explanation again, particularly at a time of swollen appellate dockets. We have repeatedly said that "Cohen may not be abused by indiscriminate extension." UAW v. National Caucus of Labor Committees, supra, 525 F.2d at 325, and that this exception to the usual rule of non-appealability for interlocutory orders "must be kept within narrow bounds." Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l, Inc., 455 F.2d 770, 773 (2d Cir. 1972).

With these considerations in mind, we turn to the issue before us. Until a few years ago, it would have been reasonably clear that defendants could not appeal from the orders here involved, in view of Allied Air Freight, Inc. v. Pan American World

---

1. Travellers International Tour Operators, Inc., which joined in the TAS notice of appeal, is also named as a defendant in the complaint, although its involvement in this case is not otherwise clear.

2. The CAB, as amicus, has taken the same position before us.

3. Defendants sought the stay because they were allegedly unduly burdened by having to comply with the discovery requirements of two forums, the district court and the CAB, at the same time they litigate this appeal. The CAB

brief asserts, however, that its investigation has been only "informal" and that "there is no adjudicatory proceeding pending before the CAB which could conflict with the hearing of this case by the district court."

4. E. g., failure to state a cause of action, failure to establish an agency relationship between TWA and TAS, and failure to allege any involvement of Travellers International Tour Operators, Inc. or Travellers International.

*Airways, Inc.,* 340 F.2d 160 (2d Cir.) (per curiam), cert. denied, 381 U.S. 924, 85 S.Ct. 1560, 14 L.Ed.2d 683 (1965). In that case, a panel of this court, including the present Chief Judge, dismissed an appeal from a district court order that stayed an antitrust action until the CAB decided whether plaintiffs' claims fell within its primary jurisdiction. The panel pointed out, among other things, that "the stay order, as well as not adjudicating upon plaintiffs' [antitrust] claims, does not finally dispose of the district court suit or necessarily preclude a sometime trial in that forum of plaintiffs' claims." *Id.* at 161. While the case is not on all fours with the one now before us, it is similar since the legal issue on appeal was whether the doctrine of primary jurisdiction required the CAB to consider plaintiffs' claims before a court did.

Some six years later, in an unrelated case, the CAB sued various travel agencies in the federal district court, seeking injunctive relief against alleged violations of the Federal Aviation Act of 1958. The defendant travel agencies moved to dismiss or stay the district court proceedings on the ground that the doctrine of primary jurisdiction required the CAB to determine whether defendants were indirect air carriers or simply ticket agencies. The district judge granted the stay, as the judge had in *Allied Air Freight,* and the CAB appealed. A panel of this court, over a vigorous dissent by Judge Mulligan, held that order appealable under the *Cohen* doctrine because "[t]he issue of whether the doctrine of primary jurisdiction should be invoked is collateral to the ultimate issues of this case, the issue is vital to CAB efforts to secure speedy enforcement of the Federal Aviation Act and the Board's regulations, and the issue is too important to be deferred until the entire case is decided." *CAB v. Aeromatic Travel Corp.,* 489 F.2d 251, 253 (2d Cir. 1974). The majority opinion did not otherwise discuss the question of appealability; nor did it mention this court's decision in *Allied Air Freight, supra,* although it was the focus of the dissenting judge's opinion.

Appellants apparently believe that *Aeromatic* held that every interlocutory order involving the issue of primary jurisdiction is per se appealable under the *Cohen* rule. Whatever the merits of the decision in *Aeromatic,* it did not go that far and in at least one respect its reasoning hurts, rather than helps, appellants' claim of appealability. In *Aeromatic,* the district court had granted the motion to stay court proceedings, a ruling which the majority thought was fatal to the CAB's efforts to avail itself of the "speedy enforcement" available only from the district court. The situation here is the reverse. Since Judge Stewart denied the motions to dismiss, the efforts of plaintiffs, supported by the CAB as amicus, to put a quick end to alleged violations of law have not been halted. If we dismiss this appeal, the district court proceedings will merely continue, perhaps with the CAB as a formal party plaintiff.[5]

Appellants argue that their right to a trial in a different forum (the CAB) is an important "collateral" right under the *Cohen* rule, which will be irretrievably lost unless they can appeal now. We do not agree that the *Cohen* rule should apply. In analogous contexts, preliminary rulings establishing the forum are not appealable, even though postponing review forces the would-be appellant to litigate in the forum he seeks to avoid, and creates the risk that an entire proceeding will be rendered nugatory. See *D'Ippolito v. American Oil Co.,* 401 F.2d 764 (2d Cir. 1968) (transfer to another district under 28 U.S.C. § 1404(a) not appealable). Cf. *Wilkins v. American Export-Isbrandtsen Lines, Inc.,* 401 F.2d 151 (2d Cir. 1968) (denial of motion to remand after removal from state court not appealable); *McKay Packers, Inc. v. Fireman's Insurance Co.,* 207 F.2d 955 (2d Cir. 1953) (no appeal from order remanding removed case). It is true that in *Local 771, International Alliance of Theatrical State Employ-*

---

5. The CAB, both in its brief and at oral argument, affirmed its intention to move to intervene as a party in this action. After argument,

the agency informed us that it has filed a motion to intervene in the district court.

*ees v. RKO General, Inc., WOR Division*, 546 F.2d 1107 (2d Cir. 1977), we allowed an appeal from a district court's denial of a motion to dismiss that was based on the exclusivity of the arbitration remedy. But see *Greater Continental Corporation v. Schechter*, 422 F.2d 1100, 1102 (2d Cir. 1970). Whatever may now be the rule regarding appeal of district court orders refusing to defer to the arbitration forum,[6] that rule does not determine the applicability of the *Cohen* rule to this case. An appellant who seeks arbitration has gained his right not to have to suffer the costs and delays of trial through contract negotiations. See *Local 771, supra*, at 1112. Appellants here can rely on no such contractual right to proceed before the CAB. And, the right to avoid judicial determination of the merits would have been lost irretrievably in *Local 771* if the lower court's order had not been reviewed until after the district court proceedings had run their full course.

■ Appellants's alleged "right" here to proceed before the CAB to defend a complaint brought against them by someone else is of a different sort. Appellants have not bargained to achieve that "right." Nor will it be irretrievably lost if the district court proceedings continue. Moreover, appellants' "right" to litigate before the CAB does not seem overpowering when the CAB is perfectly content to let the district

court dispose of the case with the benefit of the CAB's views. The rationale of the doctrine of primary jurisdiction is not concern for specific litigants, but rather the notion that the agencies, with their special expertise, should have the initial opportunity to develop and administer their policies consistently. See 3 K. Davis, Administrative Law Treatise § 19.01 (1958). The test for applying the primary jurisdiction doctrine is the nature of the legal issue before the court: If the question is whether the CAB rule is reasonable, the doctrine applies; it does not apply if the issue is whether the rule has been violated. See *CAB v. Modern Air Transport, Inc.*, 179 F.2d 622, 624 (2d Cir. 1950). The very case appellants rely on to show appealability—*CAB v. Aeromatic, supra*—suggests that the primary jurisdiction issue in this case may seem "serious" to appellants, but is not that "unsettled," in the words of *Cohen.*

Appellants cite several other cases to demonstrate appealability, but they are distinguishable. *Local 438, Construction Laborers v. Curry*, 371 U.S. 542, 83 S.Ct. 531, 9 L.Ed.2d 514 (1963), and *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963), both involved the encroachment of state courts on strong federal policies,[7] and *United States v. Beckerman*, 516 F.2d 905 (2d Cir. 1975), concerned constitutional rights threatened with irretrievable loss.[8] Our case more nearly resem-

6. A long line of complex authority holds that "an order granting or denying a stay in a court action pending arbitration is appealable, as being analogous to an injunctive order, only when the action which is sought to be stayed is one which would have been an action at law before the fusion of law and equity." *Greater Continental Corporation v. Schechter, supra*, 422 F.2d at 1102, and cases cited therein. See 9 Moore's Federal Practice ¶ 110.20[3]–[4–1], at 240–49 (2d ed. 1975). The tortuous development of this rule under 28 U.S.C. § 1292(a)(1) was unnecessary if a claim of right to a forum (arbitration) brings a case within the *Cohen* exception to § 1291.

7. In *Local 438*, the Court reviewed the jurisdiction of a state court to issue a temporary labor injunction, in light of a challenge that the case fell within the NLRB's exclusive jurisdiction; because of the nature of labor disputes, postponing review might "render entirely illusory [petitioner's] right to review" which would "se-

riously erode the national labor policy" behind exclusive NLRB jurisdiction. 371 U.S. at 550, 83 S.Ct. at 536–537. In *Mercantile National Bank*, the Court heard an interlocutory challenge to the jurisdiction of a state court because of a federal statute requiring a national bank to defend suits only where it is located. A strong federal policy was also involved in *Local 771, supra*, at 1112, which emphasized "the national labor policy in favor of . . . arbitration . . . under the terms of labor agreements".

8. In allowing Beckerman's appeal from a district court's refusal to dismiss on double jeopardy grounds, we emphasized that the "pain" of conducting a second defense is a substantial part of the justification for the double jeopardy prohibition, 516 F.2d at 906, so that review after a second trial could not fully vindicate the right.

bles *Thill Securities Corporation v. New York Stock Exchange*, 469 F.2d 14 (7th Cir. 1972), in which the Seventh Circuit held non-appealable a district court order refusing to defer to the primary jurisdiction of the Securities and Exchange Commission. In short, we see no justifiable reason for departing from the final judgment rule, and we dismiss the appeal.