**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,**

v.

**AMERICAN EXPRESS COMPANY, Defendant-Appellant.**

**No. 1248, Docket 77–6033.**

United States Court of Appeals, Second Circuit.

Argued May 19, 1977.

Decided June 23, 1977.

Gary T. Brown, Atty., Washington, D.C. (E.E.O.C., Washington, D.C., Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel, Beatrice Rosenberg, Asst. Gen. Counsel, Washington, D.C.), for plaintiff-appellee.

Morton M. Maneker, New York City (Proskauer, Rose, Goetz & Mendelsohn, New York City, Franklin S. Bonem, Warren J. Casey, New York City, of counsel), for defendant-appellant.

Before MOORE, SMITH and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York, Hon. Gerard L. Goettel, denying the defendant's motion to dismiss the complaint. The plaintiff has moved this court to dismiss this appeal pursuant to Fed.R.App.P. 27 on the ground that the order appealed from is not a final order. We grant the motion to dismiss and therefore do not reach the merits of the appeal.

I

Clarence Ferrell, a former employee of defendant-appellant American Express Company (Amex), filed a charge with the plaintiff-appellee Equal Employment Opportunity Commission (EEOC) in 1971 alleging discriminatory treatment in the terms and conditions of his employment finally resulting in his discharge. EEOC investigated and on January 17, 1973 issued a reasonable cause determination finding systematic discrimination on the basis of race and national origin. Conciliation ef-

forts failed and Ferrell, having received notice of his right to sue, brought a private non-class action in September, 1973. After the Ferrell suit had been commenced in the United States Court for the Eastern District of New York, EEOC forwarded to Amex on January 15, 1974 a proposed complaint based on the Ferrell charge. A second charge against Amex was filed by Mary Reese in the Washington District Office of EEOC on March 14, 1972. A reasonable cause determination was issued, and conciliation was attempted consolidating both the Ferrell and Reese complaints. Negotiations failed and the present action based on both complaints was commenced on January 21, 1976. In the meantime, Amex had filed an answer to the Ferrell complaint on August 23, 1974. That district court action was settled and a stipulation of discontinuance with prejudice was signed by the court on May 5, 1975.

On June 1, 1976 Amex moved to dismiss the EEOC complaint to the extent that it was based on the Ferrell charge on the grounds first, that the EEOC may not maintain a second action on a charge of discrimination previously litigated in a private action; second, that the statute of limitations on an action for back pay acts as a partial or complete bar to this suit; and third, that the action was barred by laches. Judge Goettel denied the motion in an opinion dated January 6, 1977. Amex requested certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on the issue of whether the EEOC may maintain a second action on a charge of discrimination previously litigated in a private action. The district court denied that request and this appeal followed.

■ It is well established that an order declining to dismiss a complaint is not a final order from which an appeal will lie under 28 U.S.C. § 1291. *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945); *United States v. Garber*, 413 F.2d 284 (2d Cir. 1969). Appellant urges however that the appeal falls within the exception provided by *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Cohen*, the Court held that denial of a motion to compel security for costs presented a serious and unsettled question which fell "in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225.

Judge Feinberg, in a recent opinion in *United States Tour Operators Ass'n v. Trans World Airlines, Inc.*, 556 F.2d 126 (2d Cir. 1977), has indicated that "we have not been receptive to an expansive reading of [the *Cohen*] exception to the final judgment rule. The reasons for the final judgment rule, and our reluctance to depart from it hardly need explanation again, particularly at a time of swollen appellate dockets." Id. at 128 (citations omitted).

■ Essentially, Amex claims that the district court has no jurisdiction of an EEOC action when suit on the same charge of discrimination has been filed by the employee. Since the issue is purely jurisdictional and does not involve the merits, it is a collateral issue allegedly making *Cohen* applicable. However, as we have recently noted in *Trans World Airlines, supra*, at 129, "In analogous contexts, preliminary rulings establishing the forum are not appealable, even though postponing review forces the would-be appellant to litigate in the forum he seeks to avoid, and creates the risk that an entire proceeding will be rendered nugatory." See also *D'Ippolito v. American Oil Co.*, 401 F.2d 764 (2d Cir. 1968); *Wilkins v. American Export-Isbrandtsen Lines, Inc.*, 401 F.2d 151 (2d Cir. 1968); *McKay Packers, Inc. v. Firemen's Insurance Co.*, 207 F.2d 955 (2d Cir. 1953).

Appellant relies on *Local 771, I.A.T.S.E. v. RKO General, Inc., WOR Division*, 546 F.2d 1107 (2d Cir. 1977) where this court did allow an appeal from a district court's denial of a motion to dismiss based upon the exclusivity of an arbitration remedy. But as was pointed out in *Trans World Airlines, supra*, at 130, the right to arbitration there

depended upon contractual obligations achieved by labor negotiations creating a special claim to judicial determination. Amex here does not claim that its right to proceed in another forum will be irretrievably lost, but rather that it should not have to litigate at all and thus save the expense and time involved in this suit in the district court. But that is true of all denials of motions to dismiss complaints. The defendant is compelled to try the cause on the merits, but by the same token the Court of Appeals is spared the problem of hearing piecemeal litigation. In any event, Amex is only seeking to avoid the trial of the issues involving the Ferrell complaint so that willy-nilly it must answer that part of the complaint relating to the Reese incident. Although the latter arises out of alleged sex discrimination, the Commission also alleges racial discrimination comparable to that found in the Ferrell charge. And while the Reese charge relates to the Washington office, the Commission again urges that these policies were dictated by the New York office. This again accentuates the interlocutory nature of the appeal and our oft-expressed anxiety to avoid piecemeal review under the guise of *Cohen. Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l., Inc.*, 455 F.2d 770, 773 (2d Cir. 1972).

Amex further relies on *United States v. Beckerman*, 516 F.2d 905 (2d Cir. 1975) and *United States v. Alessi*, 536 F.2d 978 (2d Cir. 1976) where we allowed appeals from the denial of motions to dismiss on the ground of double jeopardy. But these involved *constitutional* rights threatened with irretrievable loss.

We cannot agree that the issue is "too important to be denied review" since it allegedly involves important policy considerations involving Title VII. Without attempting to prejudge the merits, it is clear that Title VII does not contain any explicit qualification of EEOC's general authority to sue. *EEOC v. North Hills Passavant Hospital*, 544 F.2d 664, 668 (3d Cir. 1976). While a prohibition against duplicative suits may be implied or interpolated from other sections or found in its legislative history, this is an issue ultimately to be determined. The point is we do not feel at this stage of the litigation that we are compelled by any clear mandate of congressional policy even approaching the force of a constitutional right sufficiently urgent to justify application of the *Cohen* exception.

Finally, we cannot agree that an opinion of this court will "settle a point once and for all." *International Business Machines Corp. v. United States*, 480 F.2d 293, 298 (2d Cir. 1973) (en banc), cert. denied, 416 U.S. 980, 94 S.Ct. 2413, 40 L.Ed.2d 777 (1974). All that is clear is that other circuits have differed [1] and this court has never faced the issue. But both parties here have disagreed as to what these cases actually have held, primarily because each is distinguishable on the facts. The issue although admittedly novel and serious does not appear to us to rise to the degree of importance or separability envisaged by *Cohen.*

While Amex has requested that its brief in opposition to the motion to dismiss the appeal be deemed a motion for leave to file a petition for a writ of mandamus, it is abundantly clear from the foregoing discussion that we cannot agree that that extraordinary remedy is warranted here. There is an admission by Amex that at least three circuits have agreed with the position of the district court,[2] thus precluding a finding of "usurpation of judicial power", *La Buy v. Howes Leather Co.*, 352 U.S. 249, 257, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957). Certainly mandamus is not a proper substitute for an appeal. *Kaufman v. Edelstein*, 539 F.2d 811, 817 (2d Cir. 1976).

The motion to dismiss the appeal is therefore granted.

---

1. Compare *EEOC v. Continental Oil Co.*, 548 F.2d 884 (10th Cir. 1977) and *EEOC v. Missouri Pacific R.R.*, 493 F.2d 71 (8th Cir. 1974) with *EEOC v. North Hills Passavant Hospital, supra; EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352 (6th Cir.), cert. denied, 423 U.S. 994, 96 S.Ct.

420, 46 L.Ed.2d 368 (1975) and *EEOC v. Huttig Sash & Door Co.*, 511 F.2d 453 (5th Cir. 1975).

2. *EEOC v. North Hills Passavant Hospital, supra* (3d Cir.); *EEOC v. Kimberly-Clark Corp., supra* (6th Cir.); *EEOC v. Huttig Sash & Door Co., supra* (5th Cir.).