## In re CORRUGATED CONTAINER ANTITRUST LITIGATION.

### ANCHOR HOCKING, et al., Plaintiffs-Appellees,

v.

### WILLAMETTE INDUSTRIES, INC., Georgia-Pacific Corporation and Longview Fibre Company, Defendants-Appellants.

No. 82–2386.

United States Court of Appeals, Fifth Circuit.

Jan. 6, 1983.

Kirkland & Ellis, Thomas P. Hanrahan, Chicago, Ill., Miller, Nash, Yerke, Wiener & Hager, Norman J. Wiener, Portland, Or., for Willamette.

Cloyd R. Mellott, J. Gary Kosiwski, Pittsburgh, Pa., for Georgia-Pacific Corp.

Bogle & Gates, Richard M. Clinton, Arthur C. Claflin, Seattle, Wash., for Longview Fibre.

Freeman, Rothe, Freeman & Salzman, Jerrold E. Salzman, James T. Malysiak, Kenneth B. Drost, Lee A. Freeman, Jr., Robert C. Goldberg, Chicago, Ill., for appellee.

---

Before WISDOM, REAVLEY and TATE, Circuit Judges.

PER CURIAM:

This appeal involves a small fragment of a large antitrust case involving dozens of parties. Willamette Industries, Inc., a defendant in this lawsuit, contends that the district court erred in denying its motion for summary judgment to dismiss this suit based on collateral estoppel. We do not reach this contention. We conclude that we lack jurisdiction to hear this interlocutory appeal under 28 U.S.C. § 1291 because the denial of the motion for summary judgment is not a final order.

This litigation grew out of a grand jury investigation into price-fixing in the corrugated container industry. Willamette was one of over thirty defendants charged in class actions with conspiring to fix the prices of corrugated containers in violation of the Sherman Act, 15 U.S.C. § 1. The plaintiffs in this case opted-out of the class. Willamette elected to settle its liability with the class, but it remained as a party for discovery purposes. When the class action went to trial, the jury found in response to a special interrogatory that Willamette was not a conspirator.

Willamette attempted to use the finding in the class action suit that it was not a conspirator to bar the opt-out plaintiffs from litigating this issue. Willamette moved for summary judgment on the ground that the doctrine of collateral estoppel precluded the relitigation of the conspiracy issue. The district court denied this motion based on its conclusion that the policy underlying Fed.R.Civ.P. 23 prevents collateral estoppel from being used against plaintiffs who opt-out of class actions. Willamette appealed the denial of its summary judgment motion.

█ We do not reach the collateral estoppel issue, because the district court's order is not appealable. The jurisdiction of federal appellate courts is limited under 28 U.S.C. § 1291 to the review of final orders. The denial of a summary judgment motion is not a final order, it determines only that the movant is not entitled to judgment as a matter of law and that there are triable issues of fact to be resolved. *See Ardoin v. J. Ray McDermott & Co.*, 5 Cir.1981, 641 F.2d 277, 278; *Fluor Ocean Services, Inc. v. Hampton*, 5 Cir.1974, 502 F.2d 1169, 1170.

Willamette contends that the denial of its motion falls clearly within the collateral order doctrine established in *Cohen v. Beneficial Industrial Loan Corp.*, 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. The collateral order doctrine is an exception to the final-judgment rule which applies in limited circumstances:

> To come within the 'small class' of decisions excepted from the final-judgment rule by Cohen, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.

*Coopers and Lybrand v. Livesay*, 1978, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351, 357–58.

This Court has repeatedly stressed the extraordinarily limited nature of the "collateral order" doctrine:

> Because of the problems of piecemeal review, and because courts are burdened beyond measure, we must be parsimonious in our analysis of appealability. A parsimonious analysis need not be unjust. It should simply be a strict application of *Cohen*. In the great majority of cases *Cohen* will lead the court to correctly conclude that an interlocutory order is not directly appealable.

*North American Acceptance Corp. Securities Cases v. Arnall, Golden & Gregory*, 5 Cir., 593 F.2d 642, 645, *cert. denied*, 1979, 444 U.S. 956, 100 S.Ct. 436, 62 L.Ed.2d 328. In addition, this Court has stressed the need to avoid piecemeal review in this very litigation:

> The *Cohen* doctrine should be strictly construed.... Before the litigation is completed, the case will undoubtedly present numerous opportunities for parties dissatisfied with some aspect of a court ruling to claim entitlement to appellate review.

In the context of such complex litigation it is important to remember that 'we must be parsimonious in our analysis of appealability.' We emphasize that we must consider 'the hazard that piecemeal appeals will burden the efficacious administration of justice and unnecessarily protract litigation.' *In re Corrugated Container Antitrust Litigation,* 5 Cir.1980, 611 F.2d 86, 89. We must therefore be parsimonious in our analysis of appealability and not grant an exception to the final-judgment rule unless Willamette shows that all three requirements of *Cohen* are met.

■ We conclude that the requirements of *Cohen* have not been met. Willamette failed to show that the order denying the motion for summary judgment is unreviewable on appeal from a final judgment. After a final judgment, this Court could certainly review Willamette's claim that the district court erred in not dismissing the case based on the doctrine of collateral estoppel. The only injury Willamette asserts is that it will have to present its defense at trial, but that sort of injury follows in every denial of a motion to dismiss a complaint and does not justify an exception to the final-judgment rule.

We find support for this conclusion in *Equal Employment Opportunity Commission v. American Express Co.,* 2 Cir.1977, 558 F.2d 102, and *United States v. Levine,* 3 Cir.1981, 658 F.2d 113. In *American Express,* the district court denied a motion to dismiss which contended that the EEOC could not maintain a second suit on a charge of discrimination because the identical issue had been litigated, and lost, in a prior private action. The Court held that this was not an appealable order, explaining:

> Amex does not claim that its right to proceed in another forum will be irretrievably lost, but rather that it should not have to litigate at all and thus save the expense and time involved in this suit in the district court. But that is true of all denials of motions to dismiss complaints. The defendant is compelled to try the cause on the merits, but by the same token the Court of Appeals is spared the problem of piecemeal litigation.

558 F.2d at 103. In *Levine,* the Court held that the denial of a motion to dismiss based on the statute of limitations was not appealed after trial. The Court concluded that the *Cohen* criteria were not met because the denial of the motion did not entail an irreparable loss of rights and the right at stake could be vindicated on an appeal from a final judgment.

We hold that the district court's order denying Willamette's motion for summary judgment based on collateral estoppel is not an appealable final order. Willamette has failed to show that this order is effectively unreviewable on appeal from a final judgment and has failed to show any irreparable injury from having to defend the suit at trial. This holding recognizes the strong policy of this Court not to waste judicial resources by trying cases piecemeal and our concern in this complex case that the pace of the litigation not be slowed while interlocutory orders are appealed. We dismiss the appeal of Willamette for lack of jurisdiction.

DISMISSED.