977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald J. PENMAN, Plaintiff-Appellee,
v.
Peter KORPER, et al., Defendants-Appellants.
 No. 91-15520.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1992.*
Decided Oct. 8, 1992.
 
 1
 Before FLETCHER and T.G. NELSON, Circuit Judges, and WILSON,** District Judge.
 
 
 2
 MEMORANDUM***
 
 I. INTRODUCTION
 
 3
 Plaintiff Ronald J. Penman filed this action while a state prisoner in custody in Douglas, Arizona. The essence of Plaintiff's claim, brought pursuant to 42 U.S.C. § 1983, is that the repeated failure of the prison food service to accommodate his medically required dietary needs violated his civil rights. Plaintiff sought both damages and injunctive relief.
 
 
 4
 The Defendants in this action are Canteen, a private corporation contracted by the Arizona Department of Corrections to provide food services to the Douglas prison, and various former and current employees of Canteen. Defendants all moved for summary judgment in the district court. The district court granted summary judgment to Canteen, but denied summary judgment to Canteen's employees, the appellants before this Court.
 
 
 5
 Believing that the district court erred in denying them qualified immunity, appellants filed the present interlocutory appeal. However, because we lack jurisdiction to hear this appeal, we must dismiss it.
 
 II. DISCUSSION
 
 6
 Ordinarily, the denial of summary judgment is not a "final decision" subject to immediate appeal. See, e.g., In re Corrugated Container Antitrust Litigation, 694 F.2d 1041, 1043 (5th Cir.1983); see also 28 U.S.C. § 1291. Public officials, however, may appeal from the denial of a qualified immunity defense under the "collateral order" doctrine. Mitchell v. Forsyth, 472 U.S. 511, 525-30, 105 S.Ct. 2806, 2814-17, 86 L.Ed.2d 411 (1985). In this case, appellants, though private parties, argue that they too should be afforded an immediate appeal of the district court's ruling denying them qualified immunity. Appellants are mistaken.
 
 
 7
 In particular, the law is settled that private parties are not entitled to qualified immunity in actions brought pursuant to 42 U.S.C. § 1983. Wyatt v. Cole, 112 S.Ct. 1827, 118 L.Ed. 504 (1992); Conner v. City of Santa Ana, 897 F.2d 1487, 1492 n. 9 (9th Cir.), cert. denied, 111 S.Ct. 59, 112 L.Ed.2d 34 (1990); Howerton v. Gabica, 708 F.2d 380, 385 n. 10 (9th Cir.1983); see also F.E. Trotter v. Watkins, 869 F.2d 1312, 1318-19 (9th Cir.1989) (holding that private parties are not entitled to qualified immunity in a Bivens action). Accordingly, the appellants, who are private parties, cannot avail themselves of the reasoning in Mitchell to confer jurisdiction on this Court.
 
 
 8
 Because the district court's denial of summary judgment was not a "final decision" within the meaning of 28 U.S.C. § 1291, nor a ruling implicating the collateral order doctrine discussed in Mitchell, we do not have jurisdiction to hear this appeal. Therefore, the appeal is DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Stephen V. Wilson, District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3