### In re REPETITIVE STRESS INJURY LITIGATION.

Marguerite DEBRUYNE; Peter Debruyne; Gayle Simms; James Simms; Madeline Bernice Strange; Robin A. Palley; Tonya Moore; Cathy Mercantini; Shirley Badon; James Badon; Karen Motchnik; Deborah Z. Zook; Thomas D. Zook; Linda E. Hughes; Arthur S. Hughes; Lorraine Nieves; Maryland Johnson Bush; Carol Jamieson; Thomas Jamieson; Carol Witzel; Edward S. Witzel; Eunice A. Chattman; Ronald W. Chattman; Pamela J. Holman; Terry Adamiak; Carmelita Tacbad; Mario Tacbad; Belinda Edwards; Karen M. Lawrence; William R. Lawrence; Eleanor M. Kelly; Robert M. Kelly; Joann N. Richmond; Adelle Martin; Robert D. Martin; Anna M. Burroughs; Raymond Burroughs; Margaret Johnson; James Johnson; Margaret Depaolo; Elizabeth D. Moore; Gerald R. Moore; Gladys Green; Amy L. Turrentine; Helen Countsouros; Anthony Countsouros; Gregory Timmons; Kathleen W. Trzeciak; Jane Teabout; Frances Manos; Sharon Kissling; Barbara Day; Maria Paruolo; Josephine Esposito; Denise D'Allesandro; Joan E. Bartek; Julius Bartek; Lorraine Jabkowski; Victor L. Jabkowski; Frances Diane Pollack; Alexander Pollack; Zorca S. Rada; Hugo Rada; Donna Scaffaro; Terrence Scaffaro; Dorothy Debiase; Judith Shoemaker; Benjamin Sotomayer; Argelia Ruiz, Plaintiffs–Appellees,

v.

NATIONAL SEMICONDUCTOR CORPORATION; Stenograph Corp.; Quixote Corporation; Atex, Inc.; Eastman Kodak Company; Globe Food Equipment Company; Northern Telecom Inc.; Northern Telecom Ltd.; Bell Canada; Bell Northern Research Ltd.; Kainsai Special USA Corp.; Data Point Corporation; Prime Computer Inc.; System Integrators, Inc.; Zenith Electronics Corp.; Zenith Data Systems, Inc.; Panasonic Company; Flore Industries Inc.; Lockheed Corporation; Ontel Corporation; Visual Technology Incorporated; NCR Corporation; Memorex Corporation; Memorex Telex Corp.; Apple Computer, Inc.; American Telephone and Telegraph Company; Apollo Computers Inc.; Hewlett Packard Company; Data General Corp. and as successor to Data–Checker Systems, Inc., Defendants,

Wang Laboratories, Inc. and International Business Machines Corporation, Defendants–Appellants.

KAINSAI SPECIAL USA CORP., Third–Party Plaintiff,

v.

LEON LEVIN SONS, INC., Third–Party Defendant,

Compaq Computer Corp.; Zenith Data Systems, Intervenors.

Martha BAYLOR, Plaintiff–Appellee,

v.

XEROX CORPORATION, Defendant–Appellant,

International Business Machines, Inc. and Prime Computer, Inc., Defendants.

Joan TANIN, Plaintiff–Appellee,

v.

STENOGRAPH CORP., Quixote Corporation, Defendants–Appellants.

Verna Mae HOLLEY, Donald Holley, Dorothy Tarmel, Lucille Daniels, George Daniels, Linda G. Dimasi, Nicholas Soviero, Carol Soviero, Plaintiffs–Appellees,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, NCR Corporation, Memorex Corporation, Memorex Telex Corp., American Telephone and Telegraph Company, Defendants,

NEC America, Inc., also known as Nippon Electric N.Y., NEC Business Communications Systems, Inc., formerly known as MTI Business Communication Systems, Inc., NEC Electronics, Inc., NEC Industries, Inc.; NEC Technologies, Inc., formerly known as NEC Electronics, USA, Inc., Defendants–Appellants.

Audrey HULSE, Lewis R. Hulse, Plaintiffs–Appellees,

v.

APPLE COMPUTERS INC., Defendant,

Sony Corporation of America, Defendant–Appellant.

Margaret CARR, Plaintiff–Appellee,

v.

DATA GENERAL CORP., Defendant–Appellant.

Nos. 550, 715, 723, 719, 725 and 713. Dockets 92–7732, 92–7962, 92–9006, 92–9014, 92–9016 and 92–9018.

United States Court of Appeals, Second Circuit.

Argued May 21, 1993.

Decided Dec. 9, 1993.

Steven J. Phillips, New York City (Alani Golanski, Danielle M. Goodman, Levy Phillips & Konigsberg, New York City, Michael A. Ponterio, Lipsitz Green Fahringer Roll Salisbury & Cambria, Buffalo, NY, Arnold C. Lakind, Szaferman Lakind Blumstein Watter & Blader, Lawrenceville, NJ, Alaine S. Williams, Willig Williams & Davidson, Philadelphia, PA, of counsel), for plaintiffs-appellees.

Joseph A. D'Avanzo, White Plains, NY (Michael A. Cerussi, Jr., Mark C. Dillon, Kathleen A. Meagle, Cerussi & Spring, of counsel), for defendant-appellant International Business Machines Corp.

George M. Newcombe, New York City (Linda L. Mahoney, Simpson Thacher & Bartlett, of counsel), for defendants-appellants NEC America, Inc., NEC Business Communication Systems (Central), Inc., NEC Electronics Inc., NEC Industries, Inc., and NEC Technologies, Inc.

Charles B. Updike, Michael E. Schoeman, Mark D. Miller, Schoeman, Marsh & Updike, New York City, of counsel, for defendant-appellant Xerox Corp.

Eugene H. Lieber, Daniel S. Becker, Lieber & Lieber, New York City, of counsel, for defendants-appellants Stenograph Corp. and Quixote Corp.

Diane S. Wilner, Lee S. Gayer, Joel B. Rothman, Wilner & Associates, P.C., New York City, of counsel, for defendant-appellant Sony Corp. of America.

Marc S. Dreier, Margaret M. Harding, Fulbright & Jaworski, New York City, of counsel, for defendant-appellant Data General Corp.

John S. Kiernan, Debevoise & Plimpton, New York City, of counsel, for defendant-intervenor Compaq Computer Corp.

Mark K. Anesh, H. Michael O'Brien, Larry H. Lum, Wilson, Elser, Moskowitz, Edelman, & Dicker, New York City, of counsel, for defendant-intervenor Zenith Data Systems, Inc.

Robert D. Owen, James H. Neale, Owen & Davis, New York City, of counsel, for defendant-appellant Wang Laboratories, Inc.

Before: MESKILL, WINTER and PRATT, Circuit Judges.

WINTER, Circuit Judge:

Defendants-appellants International Business Machines Corporation ("IBM") and Wang Laboratories, Inc. ("Wang") appeal from Judge Weinstein's order ("Weinstein Order"), *In re: Repetitive Stress Injury Cases*, 142 F.R.D. 584 (E.D.N.Y.1992), granting the plaintiffs-appellees' motion to consolidate the forty-four cases in the Eastern District of New York that assert a claim for damages for "repetitive stress injuries." Defendants-appellants the NEC companies ("NEC"), Xerox Corporation ("Xerox"), Sony Corporation of America ("Sony"), Stenograph Corporation, Quixote Corporation, and Data General Corporation and defendant-intervenor Compaq Computer Corporation appeal from Judge Hurley's subsequent order ("Hurley Order"), *In re: Repetitive Stress Injury Litig.*, No. 91–CV–2079 (E.D.N.Y. Aug. 10, 1992), that extended the Weinstein Order to include all actions filed thereafter in the Eastern District claiming "repetitive stress injuries." Defendant-intervenor Zenith Data Systems, Incorporated appeals from both the Weinstein Order and the Hurley Order.

Plaintiffs-appellees move to dismiss these appeals for lack of jurisdiction. We grant the motion and dismiss the appeals. However, we treat the attempted appeals as petitions for writs of mandamus and grant the petitions. We vacate the consolidation orders and remand to the district court for further proceedings consistent with this decision.

## BACKGROUND

Plaintiffs are individuals who have brought actions alleging injuries resulting from "repetitive stress" encountered in the use of equipment manufactured or distributed by various defendants. These so-called "repetitive stress injuries" ("RSI") include "carpal tunnel" syndrome, a malady of the hands and wrists, and a diverse array of other ailments including de Quervain's disease, Raynaud's Syndrome, synovitis, stenosing tenosynovitis crepitans, tendinitis, tenosynovitis, and epi-condylitis, commonly known as "tennis elbow." Some plaintiffs also allege that they suffer from rotator cuff tears, lumbrosacal sprain, degenerative disc disease, cervical sprain, muscle spasms, "trigger finger," neck pain, and back pain. The claimed afflictions do not have a single cause and, defendants argue, may result, *inter alia*, from hereditary factors, vascular disorders, obesity, metabolic disorders, high blood cholesterol levels, connective tissue disorders, primary pulmonary hypertension, and prior trauma.

Defendants are companies that manufacture, and in some cases distribute, various types of equipment, including keyboards, keypunches, alphanumeric machines, video display terminals, cash registers, supermarket workstations, stenographic machines, and computer "mouse" devices. Each plaintiff alleges that a device of this sort caused his or her injury.

On May 12, 1992, plaintiffs applied to Judge Weinstein, sitting as Miscellaneous Part Judge, for an Order to Show Cause why their forty-four separate actions pending before seven judges of the Eastern District should not be consolidated. On June 2, 1992, Judge Weinstein consolidated the forty-four pending "RSI" cases before Judge Hurley as the judge with the earliest-filed RSI case on his docket, pursuant to the usual practice of the district court. *In re: Repetitive Stress Injury Cases*, 142 F.R.D. 584 (E.D.N.Y. 1992). Although Judge Weinstein's opinion seemed at times to recognize that the factual or legal issues of the various cases were not identical and might subsequently lead to the subdividing of proceedings by classes of issues, he ordered full consolidation with the result that, as matters presently stand, all counsel must attend all discovery and all court proceedings.

On July 14, 1992, Judge Hurley established preliminary discovery procedures and solicited from the parties their suggestions for composing relevant "subgroups" for purposes of discovery, as suggested by Judge Weinstein. *In re: Repetitive Stress Injury Litig.*, No. 91–CV–2079, slip op. at 4 (E.D.N.Y. July 14, 1992). On August 10, 1992, Judge Hurley issued an order extending the Weinstein Order to all subsequent RSI actions. The Hur-

ley Order gave leave to the defendants in the newly consolidated actions to file letter motions with the court seeking severance, but threatened movants who made "frivolous or ill-conceived" applications with Rule 11 sanctions.

Appellants appealed from the consolidation orders. Soon after both sets of appellants filed appeals, appellees moved to dismiss the appeals for lack of jurisdiction because the interlocutory appeals had not been certified by the district court under 28 U.S.C. § 1292(b). Other panels referred the motions to us, the panel hearing the appeal.

Pursuant to 28 U.S.C. § 1407, appellees have also moved before the Judicial Panel on Multidistrict Litigation ("MDL") for an order consolidating all RSI cases pending nationwide in the Eastern District of New York. The MDL Panel denied appellees' motion because it was not persuaded that "the degree of common questions of fact among these actions rises to the level that transfer under Section 1407 would best serve the overall convenience of the parties and witnesses and promote the just and efficient conduct of this entire litigation." *In re: Repetitive Stress Injury Products Liability Litig.*, 61 U.S.L.W. 2376, 2376, 1992 WL 403023 (J.P.M.L.1992).

## DISCUSSION

### 1. *Appellate Jurisdiction*

■ Title 28 U.S.C. § 1291 confers jurisdiction over appeals "from all final decisions of the district courts of the United States." A consolidation order is concededly not a final judgment. Appellants therefore argue that this appeal falls within the "collateral order" exception to the final judgment rule. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The *Cohen* rule favors a "practical rather than a technical construction" allowing appeals from decisions that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself," to defer appellate consideration. *Id.* at 546, 69 S.Ct. at 1225–26. Later decisions have construed

*Cohen* to require that the order: (1) fully dispose of the question, (2) resolve an issue completely collateral to the merits, and (3) involve a right that would be effectively unreviewable after final judgment. *Abney v. United States*, 431 U.S. 651, 658, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977).

■ We believe the jurisdictional issue is governed by *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978), which denied jurisdiction over an appeal from the denial of class certification pursuant to Fed.R.Civ.P. 23. First, the Court reasoned that the district court might revise such an order under Fed. R.Civ.P. 23(c)(1). Second, the considerations at stake in the class certification issue are " 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' " *Id.* at 469, 98 S.Ct. at 2458 (quoting *Mercantile Nat. Bank v. Langdeau*, 371 U.S. 555, 558, 83 S.Ct. 520, 522, 9 L.Ed.2d 523 (1963)). Third, such an order can be effectively reviewed after final judgment.

As was the case with the class certification issue in *Coopers & Lybrand*, consolidation orders may be modified or revised as the litigation proceeds. That indeed appears to have been contemplated by both district judges. Moreover, the merits of the consolidation orders are thoroughly "enmeshed in . . . factual and legal issues." For example, defendants deny commonality even in the claim of repetitive stress syndrome, which, they say, is a label applied to maladies with very different symptoms and causes. Finally, the consolidation orders can be reviewed on appeal to the extent that consolidation affects substantive rights. We thus decline to expand the collateral order doctrine to encompass consolidation orders.

In saying this, we recognize that we may be stressing the theoretical at the expense of the practical. Defendants assert that consolidation unnecessarily increases their expenses by forcing them to participate in discovery and other proceedings irrelevant to their particular actions. These costs, they say, will force them to settle what they regard as baseless claims. If so, the effect of a consolidation order may not be redressable on appeal. However, the disposition of this

matter itself should ease such fears, and we continue to believe that the *Cohen* rule must be narrowly construed, "lest this exception swallow the salutary 'final judgment' rule." *Weight Watchers of Phila., Inc. v. Weight Watchers Int'l, Inc.*, 455 F.2d 770, 773 (2d Cir.1972) (citations omitted); *see also United States Tour Operators Ass'n v. Trans World Airlines, Inc.*, 556 F.2d 126, 128 (2d Cir.1977) (opposing "expansive reading" of *Cohen* exception); *UAW v. National Caucus of Labor Comms.*, 525 F.2d 323, 325 (2d Cir.1975) (same).

### 2. *Mandamus*

■ We may, however, treat an attempted appeal as a petition for leave to file a writ of mandamus. *In re: Hooker Investments, Inc.*, 937 F.2d 833, 837 (2d Cir.1991); *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir.1987). The granting of a writ of mandamus is an extraordinary measure and should be done sparingly, to redress a "clear abuse of discretion," *Richardson Greenshields*, 825 F.2d at 652, or "to confine an inferior court to a lawful exercise of its prescribed authority...." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 18, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983). *See also Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 163 (2d Cir. 1992) (overturning a discovery order violating attorney-client privilege); *In re von Bulow*, 828 F.2d 94 (2d Cir.1987) (same).

■ A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions, *MacAlister v. Guterma*, 263 F.2d 65, 70 (2d Cir.1958), and a district court must examine "the special underlying facts" with "close attention" before ordering a consolidation. *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1361 (2d Cir.1975). The allegations of the complaints afford no support to the district courts' conclusion that these cases are sufficiently related to warrant consolidation. Indeed, the district court substituted a discussion of so-called mass torts for precise findings as to what are the "common question[s] of law or fact" justifying consolidation pursuant to Fed.R.Civ.P. 42.

■ We believe that consolidation here was a sufficiently clear abuse of discretion to warrant mandamus relief. At this stage of the litigation, the sole common fact among these cases is a claim of injury of such generality that it covers a number of different ailments for each of which there are numerous possible causes other than the tortious conduct of one of the defendants. As a class, the plaintiffs presumably have the usual wide variety of individual health conditions and problems that are found in any similar sample of persons and that might be relevant to the claimed injuries. The defendants manufacture or distribute a variety of mechanical devices with differing propensities, if any, to cause the harm alleged. With regard to issues of law, the plaintiffs come from a variety of jurisdictions and rely for their claims on the laws of different states. An order that merges all discovery and court proceedings and requires the participation of all counsel simply has no basis in Rule 42.

Although consolidation may enhance judicial efficiency, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir.), *cert. denied*, 498 U.S. 920, 111 S.Ct. 297, 112 L.Ed.2d 250 (1990). As we have recently cautioned, "The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's—and defendant's—cause not be lost in the shadow of a towering mass litigation." *In re: Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 853 (2d Cir.1992).

In *Johnson*, we enumerated the factors to consider in ordering consolidation in the context of analogous claims involving asbestos. They are, in relevant part: " '(1) common worksite; (2) similar occupation; (3) similar time of exposure; (4) type of disease ...; (6) status of discovery in each case; (7) whether all plaintiffs were represented by the same counsel....' " *Johnson*, 899 F.2d at 1285, quoting *In re: All Asbestos Cases Pending in the United States District Court for the District of Maryland*, (D.Md. Dec. 16, 1983) (en banc) (unreported). Although the majority of the plaintiffs are represented by the

same counsel and discovery had not yet begun in any of the cases, the other factors strongly militate against consolidation. The plaintiffs are employed at different worksites and in different occupations, ranging from word processor, to key puncher, to stenographer. They report different conditions relating to the alleged ailments and disparate ailments themselves. Moreover, each of the ailments alleged may have a cause other than the tortious conduct of an individual defendant much less all the defendants. Finally, factors 1–4 are far more important than identity of counsel and progress of discovery. *Johnson* factors 1–4 go to the central issue of commonality, while factors 6–7 go solely to convenience, and here the convenience of only one side. As we recently stated, "it is possible to go too far in the interests of expediency and to sacrifice basic fairness in the process." *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 353 (2d Cir.1993).

When entering the consolidation orders, the district court contemplated the subdividing of discovery or other proceedings and even the severance of some cases as the litigation proceeds. Because the question of whether there are common issues of law or fact in these cases is open, there is no doubt some discovery that is applicable to a group of, or all, cases. The district judges' approach, however, reverses the proper process. The burden is on the party seeking aggregation to show common issues of law or fact; the burden is not on the party opposing aggregation to show divergences. *MacAlister*, 263 F.2d at 70. This is so even in the case of the so-called mass tort, where a shifting of this burden is likely to render the label mass tort into a self-fulfilling prophecy.

We emphasize, however, that we see nothing wrong with assigning all RSI cases in a district to a single district judge who may order that particular proceedings or certain discovery requests relate to defined groups of RSI cases or, when appropriate, all the RSI cases in the district. Our differences with the district court are more than philosophical. The burden is on the party seeking aggregation of discovery or other proceedings to show common factual or legal issues warranting it. A party may not use aggregation as a method of increasing the costs of its adversaries—whether plaintiffs or defendants—by forcing them to participate in discovery or other proceedings that are irrelevant to their case. It may be that such increased costs would make settlement easier to achieve, but that would occur only at the cost of elemental fairness.

## CONCLUSION

We dismiss the appeals. We treat the attempted appeals as petitions for writs of mandamus. We grant the petitions and vacate the consolidation orders.