**HAMMOND NORTH ASSOCIATES, LTD. Plaintiff,**

v.

**ABG FINANCIAL SERVICES, INC., Defendant.**

No. 88-1824-CIV-MARCUS.

United States District Court, S.D. Florida.

Feb. 14, 1989.

Sidney M. Pertnoy, Wallace, Engels, Pertnoy, Solowsky, Newman & Allen, Miami, Fla., for plaintiff.

William C. Crenshaw, Valdes–Fauli, Cobb & Petrey, P.A., Miami, Fla., Robert C. Seldon, Mario Greszes, Krooth and Altman, Washington, D.C., for defendant.

## ORDER OF DISMISSAL

MARCUS, District Judge.

THIS CAUSE has come before the Court upon the Motion of Defendant ABG Financial Services, Inc. to Dismiss or, in the Alternative, to Stay. Defendant moves the Court to dismiss this action on the grounds of *forum non conveniens.* Having heard argument on February 9, 1989 and after a review of the memoranda and exhibits filed in this matter, we grant Defendant's Motion to Dismiss on the grounds of *forum non conveniens.*

### I. *Forum Non Conveniens* Standard

"Under the doctrine of *forum non conveniens,* a district court has the inherent power to decline to exercise jurisdiction over a case when an adequate, alternative forum is available." *La Seguridad v. Transytur Line,* 707 F.2d 1304, 1307 (11th Cir.1983) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 506–07, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947)). The Eleventh Circuit Court of Appeals has suggested that the district court employ the following analytic method:

> As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. Next, the trial judge must consider all relevant factors of *private* interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. If the trial judge finds this balance of private interests to be in equipoise or near equipoise, he must then determine whether or not factors of *public* interest tip the balance in favor of a trial in a foreign forum. If he decides that the balance favors such a foreign forum, the trial judge must finally ensure that plain-

tiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.

*Pain v. United Technologies Corp.*, 637 F.2d 775, 784–85 (D.C.Cir.1980) (emphasis in original), *cert. denied*, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981).

*La Seguridad,* 707 F.2d at 1307.

█ The touchstone of *forum non conveniens* analysis is convenience and, therefore, no one factor is given controlling weight in the balancing process. *Id.* Important private interests include: relative ease of access to sources of proof; ability to obtain witnesses; possibility of view of premises, if relevant; and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id. (citing Gilbert).* The public interest factors bearing upon the forum's interest in entertaining the lawsuit include: court congestion and jury duty generated by controversies having no relation to the forum; the desirability of having localized controversies decided at home; and the difficulties attendant to resolving conflict-of-laws problems and applying foreign law. *Id.* "It is evident that these lists were not intended to be exhaustive." *Id.*

## II. *Balancing of the Factors*

█ In addition to this action, Plaintiff is involved in a previously-filed suit currently pending in the Superior Court of Fulton County, Georgia. *Ray Bell Construction Co. v. Hammond North Associates, Ltd., et al.,* Civil Action File No. D–57571. The Georgia suit was filed before Plaintiff filed this action in the Southern District of Florida, but, according to Plaintiff apparently after the time when Plaintiff was served with process for the Georgia state case. We note at the outset that the time of filing is not determinative in weighing the factors. *See Hodson v. A.H. Robins Co., Inc.,* 528 F.Supp. 809 (E.D.Va.1981), *aff'd,* 715 F.2d 142 (1983) (*forum non conveniens* doctrine does not require that the alternative forum exist when plaintiffs first filed suit). Plaintiff filed its Complaint in this action on September 20, 1988. Defendant moved to dismiss or stay the action on October 28, 1988. Plaintiff filed its responsive memorandum on November 10, 1988, contending—erroneously we believe—that a dismissal on *forum non conveniens* grounds would be improper because the state suit in Georgia involves entirely different issues. A close textual analysis of the claims pending in both fora and the posture of the cases strongly suggests that the doctrine of *forum non conveniens* should be applied here. *See Laker Airways v. Sabena, Belgian World Airlines,* 731 F.2d 909, 928 (D.C.Cir.1984) (whether to permit parallel proceedings in concurrent in personam actions is properly considered in a motion for dismissal for *forum non conveniens* ).

Despite its contention that the issues in these lawsuits are entirely separate, Plaintiff then filed a cross-claim in the Georgia court against the Defendant on or about November 22, 1988. The cross-claim filed in the Georgia case involves the same set of operable facts, the same parties and precisely the same causes of action. Indeed, as Plaintiff's counsel conceded at oral argument, the cross-claim in Georgia state court is substantially identical to the claim pending here. Count I of this action (Injunctive Relief) is virtually identical to Count I of Hammond's Cross-claim (Injunctive Relief Against Cross–Defendant, ABG); Count II of this action (Breach of Contract) is virtually identical to Count III of Hammond's Cross-claim (Breach of Contract Against Cross–Defendant, ABG); Count III of this action (Breach of Contract) is virtually identical to Count IV of Hammond's Cross-claim (Breach of Contract Against Cross–Defendant, ABG); Count IV of this action (Breach of Fiduciary Duty) is virtually identical to Count V of Hammond's Cross-claim (Breach of Fiduciary Duty Against Cross–Defendant, ABG); Count V of this action (Breach of Implied Covenant of Good Faith and Fair Dealing) is virtually identical to Count VI of Hammond's Cross-claim (Breach of Implied Covenant of Good Faith and Fair Dealing Against Cross–Defendant, ABG); Count VI of this action (Promissory Estoppel) is virtually identical to Count VII of Hammond's Cross-claim (Promissory Es-

toppel Against Cross–Defendant, ABG); and Count VII of this action (Negligence/Gross Negligence) is virtually identical to Count VIII of Hammond's Cross-claim (Negligence/Gross Negligence Against Cross–Defendant, ABG).

Moreover, in Georgia, discovery has proceeded in that case, a four-hour evidentiary hearing took place and two preliminary injunctions were handed down by the state court, one involving issues thoroughly intertwined with issues involved in the federal case here. Indeed these preliminary injunctions entered by the Georgia court and binding the parties to this case remain in effect now. Additionally, the parties agree that the issues decided in the Georgia state case involving the cross-claim would be *res judicata* as to the claims pending here. We add that the impending *res judicata* effect renders impracticable a stay of this action, a procedural move that would amount to a dismissal.

There can be no doubt that an adequate, alternative forum is available in the state court in Fulton County, Georgia. That court presently possesses jurisdiction over the whole case. Moreover, the main claim and the cross-claim clearly arise out of the same nucleus of operative fact. Plaintiff has voluntarily chosen that forum to litigate precisely the same claim extant here and has invoked that court's jurisdiction to obtain equitable relief. Although we normally accord a strong presumption against disturbing a plaintiff's initial forum choice, Plaintiff's choice is substantially undermined by its decision to file a cross-claim, which is identical to its federal claim. Indeed, Plaintiff's choice of forums is also undercut by its agreement with Ray Bell Construction Company to litigate matters relating to the construction project in controversy in Fulton County, Georgia. *See* Exhibit 1, ¶ 9, attached to Defendant's Reply Memorandum ("In the event of litigation between the parties hereto, it is hereby agreed that if suit be filed, venue for said suit shall be Fulton County, Georgia, and the prevailing party shall be entitled to recover reasonable attorney's fees from the other party at both trial and appellate levels."). While some of the traditional private factors are in equipoise, if the two suits were to proceed simultaneously, severe practical problems would necessarily surface, including *res judicata*, the risk of contradictory rulings not only on discovery motions but on substantive matters as well, and the substantial hardship on Defendant in having to defend itself in two different fora. These problems are both private in how they impact on Defendant, and public, in how they would entangle this Court and a coordinate state forum and impede judicial economy. And, we believe, inasmuch as the same operative facts surround both lawsuits, even if Plaintiff voluntarily dismissed its cross-claim in Georgia, many of the same risks would persist.

Because the Georgia court has already begun proceedings and Plaintiff has procedurally availed itself fully in Georgia state court in not only defending against Ray Bell Construction Company but also in seeking to cross-claim against Defendant, we believe that convenience decidedly points toward the Georgia state court as the forum where Plaintiff's claims should be adjudicated. Exercising our inherent power, we decline to exercise jurisdiction over this action. Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is GRANTED.

DONE AND ORDERED.