895 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FASIG-TIPTON KENTUCKY, INC., Plaintiff-Appellee,
v.
John FERNUNG, doing business as Southland Farm; Defendant-Appellee,
Dorothy M. MacMackin, doing business as Hill Farms;
Defendant-Appellant,
Dennis Alquist, doing business as Dennis Alquist Farm, Third
Party Defendant.
 No. 89-6207.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1990.
 
 1
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and DOUGLAS W. HILLMAN, Chief District Judge*.
 
 ORDER
 
 2
 Defendant MacMackin appeals an order in this diversity contract action enforcing an arbitrator's award. Defendant Fernung moves to dismiss the appeal on grounds the order was not a final appealable order for purposes of 28 U.S.C. Sec. 1291 and was not certified for an interlocutory appeal. MacMackin has responded in opposition to the motion to dismiss. Fernung has replied to MacMackin's response.
 
 
 3
 Fasig-Tipton Kentucky, Inc. ("Fasig-Tipton") initiated this action seeking declaratory judgment as to rights and liabilities of the parties resulting from the sale of a colt. Fernung and MacMackin filed cross-claims and MacMackin filed a counterclaim against Fasig-Tipton. Because of an arbitration clause contained in the condition of sale, the district court ordered the matter submitted to arbitration.
 
 
 4
 After entry of the above order, MacMackin filed a third-party complaint and Fasig-Tipton filed an amended complaint, both seeking recovery from Alquist for the subsequent alleged negligent death of the colt while in Alquist's care. Alquist in turn filed a counterclaim against MacMackin. These claims were held in abeyance pending completion of the arbitration proceedings.
 
 
 5
 On August 22, 1989, the district court entered an order granting enforcement of an arbitration award in favor of Fasig-Tipton and Fernung against MacMackin. The order also initiated pretrial proceedings as to the remaining negligence claims against Alquist. It is this order from which MacMackin appeals.
 
 
 6
 The district court's order of August 22, 1989, did not terminate the litigation because of the pending claims. Nor has there been certification of the order for an interlocutory appeal under Rule 54(b), Fed.R.Civ.P., or 28 U.S.C. Sec. 1292(b). MacMackin contends, however, that the order is appealable under the collateral order exception to finality set forth in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). MacMackin asserts this exception is applicable since all the contract claims which have been resolved are collateral to and separate from the remaining negligence claims pertaining to the death of the colt.
 
 
 7
 To qualify for the collateral order exception, an order must determine claims that are collateral to and separate from the cause of action and not merely collateral to and separate from other claims. See Cohen v. Beneficial Industrial Loan Corp., supra, at 546 (order must "finally determine claims of right separate from, and collateral to, rights asserted in the action"); Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978) (order must "resolve an important issue completely separate from the merits of the action"); Hooks v. Washington Sheraton Corp., 642 F.2d 614, 618 (D.C.Cir.1980) (the collateral order exception "applies only to certain remedial and procedural matters that are separable from and not ingredients of any identifiable claims for relief." and does not apply "when the 'collateral' matters themselves constitute claims for relief."); Rosenstein v. Merrell Dow Pharmaceuticals, Inc., 769 F.2d 352, 354 (6th Cir.1985) (the collateral order exception "is not available to confer immediate reviewability on orders which involve considerations that are 'enmeshed' in the factual and legal issues of the cause of action.")
 
 
 8
 The contract issues resolved by the order enforcing the arbitration award are not separate from the merits since they are ingredients of the cause of action. Therefore, the collateral order exception doctrine is not applicable in this case.
 
 
 9
 Lastly, MacMackin argues that dismissal of the appeal at this time "effectively closes all the doors which Appellant might open for relief." This argument is unpersuasive. This Court will be able to review any issues arising from the arbitration award and subsequent order following entry of final judgment.
 
 
 10
 It is therefore ORDERED that the motion to dismiss is granted without prejudice to the parties' right to file a timely notice of appeal from final judgment.
 
 
 
 *
 The Honorable Douglas W. Hillman, Chief U.S. District Judge for the Western District of Michigan, sitting by designation