Carol Patricia HODSON, Appellee,

v.

A.H. ROBINS COMPANY, a corporation, Appellant,

and

Hugh J. Davis, Irwin S. Lerner, Pee Wee Molding Corporation, Defendants.

No. 82–1582.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 10, 1983.

Decided Aug. 18, 1983.

---

Anne Marie Whittemore, Richmond, Va. (Robert H. Patterson, Jr., Robert E. Draim, McGuire, Woods & Battle, Richmond, Va., on brief), for appellant.

Michael Friedman, San Francisco, Cal. (Conklin, Davids & Friedman, San Francisco, Cal., on brief), for appellee.

Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

Among the hundreds of products liability cases pending against A.H. Robins Co. throughout the United States, there are pending in the Eastern District of Virginia thirty-two such cases in which the plaintiffs are foreign nationals. The defendants moved to dismiss those cases on the ground of *forum non conveniens*. The motions were denied, and their denial was reaffirmed after rehearing. The appeal in this action, designated by the district court as the lead case, followed.

I.

The plaintiff is a British subject. She brought this action in the United States District Court for the Eastern District of Virginia, where the defendant Robins is incorporated and has its principal place of business. She alleged she sustained personal injuries as the result of her use of the Dalkon Shield intrauterine device. Other named defendants were two individuals who allegedly invented and designed the Dalkon Shield, and Pee Wee Molding Co., which allegedly supplied some of the parts to Robins.

Dalkon Shields were manufactured in Virginia by A.H. Robins, but were marketed in Great Britain by A.H. Robins, Ltd., an affiliated English company. There is some dispute about the extent of the testing of the Dalkon Shield by the English affiliate, but it, at least, engaged in some studies of the efficacy, safety and acceptability of the device, and secured the approval of the English Family Planning Association for use of the device in its clinics. An English physician inserted the device in the plaintiff, and it was in England that it was later surgically removed.

Ancillary to its motions to dismiss, the defendants made certain representations to the British plaintiffs. All defendants would consent to jurisdiction and the service of process in England, Robins would produce in England or assist in the production of unprivileged documents of various categories and other evidence deemed material by the English court, and Robins would

pay the air fare for witnesses for the plaintiff to the extent that the air fare to London exceeded the air fare to Richmond.

## II.

In denying the motions to dismiss, the district court recognized that England provided an alternative forum. Its opinion in *Hodson v. A.H. Robins Co.,* 528 F.Supp. 809 (E.D.Va.1981), contains a meticulous survey and consideration of those public and private interests which should be taken into account in appraising the relative convenience and appropriateness of the alternative forums under the guidelines laid down in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). A number of those considerations, in the eyes of the district court, favored a trial in England. Among them was the conceded fact that the substantive rights and liabilities of the parties would be controlled by English law, even if trial were held in the Eastern District of Virginia. Other factors, however, seemed to the judge to favor a trial in Virginia. Weighing the competing considerations, the judge concluded that the balance between them favored a trial in the district court in Virginia.

## III.

Shortly after denial of the motions to dismiss, the Supreme Court decided *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), in which representatives of Scottish decedents killed in the crash of an aircraft in Scotland sought to sue the manufacturers of the aircraft and of its propellers in a United States district court. The district judge granted a motion to dismiss on the ground of *forum non conveniens,* but the United States Court of Appeals for the Third Circuit reversed. 630 F.2d 149 (3d Cir.1980). The Supreme Court in turn reversed the Court of Appeals, holding that dismissal by the district judge was within the discretion vested in him and that the foreign plaintiffs' choice of an American forum was

entitled to little weight in the balancing process.

The defendants in this case moved for reconsideration of their motions to dismiss in light of *Piper Aircraft.* Reconsideration was granted, but after reconsideration the district judge adhered to his position that the motion to dismiss should be denied. He did not file a supplemental opinion. The reason for the judge's action, however is readily apparent from his earlier opinion.

Early in his opinion, the district judge, quoting from *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), had observed that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed," and, relying upon the decision of the Court of Appeals for the Third Circuit in *Piper Aircraft,* held that a foreign plaintiff's choice of an American forum was entitled to equal weight. The decision of the Supreme Court completely undercut that position, but after weighing all the relevant factors, the district judge came to the conclusion that "not only does the balance fail to tip strongly in favor of the defendants, but the calculus of convenience favors trial in this forum."[1] In coming to that conclusion, the district court clearly was uninfluenced by the foreign plaintiff's choice of forum, and the Supreme Court's opinion in *Piper Aircraft* did not bear upon its assessment of the other factors.

█ Whether a motion to dismiss on the ground of *forum non conveniens* should be granted or denied is a matter entrusted to the discretion of the district judge. Though we may think London the more convenient forum, this court may not preempt the discretion vested in the district court. Our only role is to determine whether or not the action of the district court was so unreasonable or so arbitrary as to be beyond the range of its discretion. In this case it was neither unreasonable nor arbitrary.

█ Several factors tend strongly to favor a trial in London, but those the district

---

1. 528 F.Supp. at 824.

judge recognized. The opinion recognized and considered several factors strongly tending to favor a trial in the district court in Virginia. It recognized no single factor as controlling the exercise of its discretion, and came to its conclusion only after balancing all of the competing factors against each other. If another might have lent somewhat different weights to some of the factors, it is apparent from the district court's opinion that its consideration of them was careful and meticulous. No fault may be found with the basis upon which the district court approached its exercise of its discretion.

While we would be required to affirm if the district judge had dismissed these cases, we are equally required to affirm his denial of the motions to dismiss, for either ruling was well within the discretion lodged in the district court.[2]

AFFIRMED.

---

2. A motion to dismiss this appeal upon the ground that the district court's order denying the motion to dismiss the complaint was not a final order was referred to a motions panel and denied. Leave was granted to renew the motion before the hearing panel, however, and the hearing panel has given full consideration to the matter. Our conclusion is that all of the requirements of the rule of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) are present. *See also Mercantile National Bank v. Langdeau,* 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963). Accordingly, we have gone to the merits and deny the motion to dismiss the appeal.