Irving ROSENSTEIN, et al.,
Plaintiffs-Appellees,

v.

MERRELL DOW PHARMACEUTICALS,
INC., Defendant-Appellant.

No. 84–3439.

United States Court of Appeals,
Sixth Circuit.

Argued March 29, 1985.

Decided July 31, 1985.

**353**

Frank C. Woodside, III, argued, Dinsmore & Shohl, Cincinnati, Ohio, Christine L. McBroom, Peter N. Perretti, Jr., argued, Riker, Danzig, Scherer & Hyland, Morristown, N.J., for defendant-appellant.

Stanley M. Chesley, Cincinnati, Ohio, Jerome L. Skinner, argued, for plaintiffs-appellees.

Before JONES and KRUPANSKY, Circuit Judges, and HULL, District Judge.*

KRUPANSKY, Circuit Judge.

This appeal confronts the immediate appealability of a *forum non conveniens* order as a final collateral order. The Third and D.C. Circuits have concluded that the denial of a motion to dismiss for *forum non conveniens* is not immediately appealable under the exception articulated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See Coastal Steel v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190 (3d Cir. 1983), *cert. denied,* — U.S. —, 104 S.Ct. 349, 78 L.Ed.2d 315 (1984); *Nalls v. Rolls-Royce Ltd.*, Nos. 82–1975, 82–1976, 82–2033 (D.C.Cir.) (without opinion), *rehearing en banc denied,* 702 F.2d 255, *cert. denied,* 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983). The Fourth Circuit, without analysis, has qualified the denial of such a motion to dismiss as satisfying "all of the requirements of the rule of *Cohen*". *Hodson v. A.H. Robins, Co.*, 715 F.2d 142, 145 n. 2 (4th Cir.1983).

The general rule teaches that the "denial of a motion to dismiss, even when the motion is based on jurisdictional grounds, is not immediately reviewable". *Catlin v. United States*, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945). The instant inquiry then becomes whether Merrell Dow may circumvent the general rule by invoking the final collateral order exception of *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), when the motion to dismiss is predicated on a claim that the defendant would be inconvenienced if re-

---

* Hon. Thomas G. Hull, Chief Judge, Eastern District of Tennessee, sitting by designation.

quired to defend the case in the forum selected by the plaintiffs.

 To come within the small class of decisions excepted from the final judgment rule by *Cohen,* the order must (1) conclusively determine a disputed question; (2) resolve an important issue separate from the merits; and (3) be effectively unreviewable following a trial on the merits. *See Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

A disputed question is "conclusively determined", for the purpose of finality under the *Cohen* doctrine, if "the district court has clearly said its last word on the subject". *Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301 (9th Cir.1981). In the case at bar, this court concurs with the Third Circuit that the district court's order "established the rejection of the *forum non conveniens* contention as the law of the case, and thus satisfied the first criterion". *Coastal Steel,* 709 F.2d at 195; *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 375–76, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981).

The second element, the separability issue, "is a distillation of the principle that there should not be piecemeal review of 'steps toward final judgment in which they will merge'". *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 12 n. 13, 103 S.Ct. 927, 935 n. 13, 74 L.Ed.2d 765 (1983). The *Cohen* principle is not available to confer immediate reviewability on orders which involve considerations that are "enmeshed" in the factual and legal issues of the cause of action. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 476, 98 S.Ct. 2454, 2462, 57 L.Ed.2d 351 (1978); *Poindexter v. FBI,* 737 F.2d 1173, 1187 (D.C.Cir.1984); *Nelson v. Redfield Lithograph Printing,* 728 F.2d 1003, 1005 (8th Cir.1983); *Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301, 1308 (9th Cir.1981).

This circuit is fully cognizant of the numerous factors which the Supreme Court has identified as relevant to the *forum non conveniens* disposition. *See, e.g., Dowling v. Richardson Merrell, Inc.,* 727 F.2d 608, 612 (6th Cir.1984). In the instant case, resolution of the *forum non conveniens* issue would require the court to "enmesh" itself deeply with the innumerable factual and legal disputes presented by this controversy, such as the actual locality of the alleged breach of duty or culpable conduct. Hence, the instant appeal does not meet the second element of the *Cohen* analysis. In addition, the decision is effectively reviewable on appeal subsequent to the trial court's decision on the merits, and therefore fails under the third criteria of the *Cohen* appealability doctrine.

Accordingly, the motion to dismiss the appeal is granted and the appellees are awarded their costs and attorney fees for the appeal.