**PARTREDERIET TREASURE SAGA, et al., Plaintiffs-Appellees,**

v.

**JOY MANUFACTURING CO., et al., Defendants-Appellants.**

No. 86–2215
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1986.

Darrell E. Reed, Jr., Houston, Tex., Joseph A. Katarincic, David R. Cohen, Kenneth M. Argentieri, Kenneth L. Salmon, Pittsburgh, Pa., for defendants-appellants.

8. 778 F.2d 1052 (5th Cir.1985) (en banc), *cert. denied,* —— U.S. ——, 106 S.Ct. 1957 (1986).

Matthew Y. Biscan, Denver, Colo., for amicus curiae Mountain States.

John R. Pearson, Claude R. Treece, Houston, Tex., for plaintiffs-appellees.

Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Because the denial by the district court of a motion to dismiss a suit on *forum non conveniens* grounds is not immediately appealable, we dismiss this interlocutory appeal.

The plaintiffs, who are Norwegians, sued the defendants, all United States corporations, on a products liability claim. According to the complaint, a defective elevator caused an accident on an oil rig operating off the coast of Norway. Contending that a Norwegian court is more convenient than a United States forum, the defendants moved for dismissal of the action. The district court denied the motion, and the defendants seek review of the ruling.

As a general rule, denials of motions to dismiss are not subject to immediate appellate review.[1] Recognizing this, the defendants urge us to apply the "collateral order exception"[2] to the final-judgment rule of 28 U.S.C. § 1291 (1982).[3] That exception obtains, however, only when the district court's ruling on an interlocutory matter (a) "conclusively determine(s) the disputed question," (b) "resolve[s] an important issue completely separate from the merits of the action," and (c) cannot "be effectively [reviewed] on appeal from a final judgment."[4]

The denial of the *forum non conveniens* motion satisfies the first criterion: the district court's order effectively concluded the *forum non conveniens* question. While the district court is free to change its mind and dismiss at a later time, it is unlikely that, having deemed the Texas forum more convenient, the court would find it less convenient after the parties have incurred even more of the burdens and expenses of preparing for trial according to United States federal court rules.[5] In this area, law-of-the-case doctrine carries force.[6]

The collateral order exception argument fails, however, to meet the second requirement: the question of convenience of this forum is not distinct from the resolution of the merits of the action. As the Supreme Court said in *Piper Aircraft Company v. Reyno*,[7] the forum-convenience analysis includes consideration of

the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.[8]

In addition, once a court decides what body of law is applicable under choice of law principles, it is preferable that this corpus juris be applied by a court of the same

---

1. *Catlin v. United States*, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945).

2. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 466–68, 98 S.Ct. 2454, 2456–57, 57 L.Ed.2d 351 (1978).

3. The text of § 1291 states that:
   The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States....

4. *Coopers & Lybrand*, 437 U.S. at 468, 98 S.Ct. at 2458.

5. *Nalls v. Rolls-Royce Ltd.*, 702 F.2d 255, 258 (D.C.Cir.) (en banc) (Wilkey, J., dissenting), *cert. denied*, 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983).

6. *Rosenstein v. Merrell Dow Pharmaceuticals, Inc.*, 769 F.2d 352, 354 (6th Cir.1985).

7. 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

8. *Piper*, 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)).

state or country that formulated it.[9] At least two circuits, therefore, have held that the denial of the *forum non conveniens* order is nonappealable.[10]

This position has merit. Balancing the factors involved in reaching a *forum non conveniens* decision inevitably requires the court to consider the substantive issues that will arise at trial. For example, the court must decide which witnesses and evidence are crucial to the action.[11] In this case, plaintiffs contend that most of the relevant information is located in the United States. Defendants, on the other hand, counter that the bulk of the important evidence can be found in Norway. Consideration of the applicable law also requires an evaluation of the merits of the action. In a torts case, the court must usually determine the place where the injury, and the conduct causing the injury, occurred.[12]

While we recognize that strong countervailing arguments can be made,[13] the degree to which the *forum non conveniens* question overlaps issues that go to the merits of the case makes it especially unsuited to interlocutory appeal. Interlocutory review, in addition to final review, would mean repetitive consideration of many substantive questions by the appellate court.[14] Moreover, their consideration in the absence of a developed factual record increases the uncertainty of the interlocutory review.[15]

Other features of *forum non conveniens* doctrine argue against interlocutory appeal as well. Interlocutory review complicates, and increases the cost of, trial. It thereby undermines the very purposes for raising the *forum non conveniens* issue—

making the trial expeditious and inexpensive.[16] Even if the district court errs in its decision, the benefits from transfer to a more convenient forum may not outweigh the costs of the appeal, especially since mistakes occur largely in borderline cases. Non-appealability also recognizes the wide discretion permitted trial courts in procedural matters,[17] particularly when deciding the *forum non conveniens* question.[18]

That denial of the *forum non conveniens* motion would involve matters relevant to the merits suffices for dismissal. Nevertheless, several considerations mitigate the effect of our decision on future cases. Defendants may seek certification of an interlocutory appeal under 28 U.S.C. § 1292(b) or, in other cases a writ of mandamus, for in this case we have already rejected such a motion. Moreover, in deciding the borderline *forum non conveniens* questions, United States district court judges, already burdened by heavy case loads, would not likely be induced to retain cases that can more appropriately be tried elsewhere.

For the reasons above, we DISMISS the appeal.

9.  *Gilbert,* 330 U.S. at 509, 67 S.Ct. at 843.

10.  *Rosenstein v. Merrell Dow Pharmaceuticals, Inc.,* 769 F.2d 352, 354 (6th Cir.1985); *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 195 (3d Cir.), *cert. denied,* 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983). *See also Nalls,* 702 F.2d at 255.

11.  *Piper,* 454 U.S. at 258, 102 S.Ct. at 267.

12.  Restatement (Second) of Conflict of Laws § 145(2).

13.  *Nalls,* 702 F.2d at 258–60 (Wilkey, J., dissenting); *Hodson v. A.H. Robins Co.,* 715 F.2d 142, 145 n. 2 (4th Cir.1983).

14.  15 Wright, Miller & Cooper, Federal Practice and Procedure § 3911 at 470–71 (1976)

15.  *Id.* at 471.

16.  *Id.,* § 3914 at 548.

17.  *Id.,* § 3907 at 430.

18.  *Piper,* 454 U.S. at 257, 102 S.Ct. at 266.