Eric CARLENSTOLPE, Appellee,

v.

MERCK & CO., INC., Appellant.

No. 878, Docket 86-7959.

United States Court of Appeals,
Second Circuit.

Argued March 6, 1987.

Decided May 14, 1987.

---

1. Appellant's motion for stay and remand is denied.

Thomas F. Campion, Shanley & Fisher, New York City (James M. Altieri, on brief), for appellant.

Paul S. Edelman, Kreindler & Kreindler, New York City (Bjorn Koritz, David Otis Fuller, Gregory Smith, Koritz & Fuller, New York City, of counsel), for appellee.

Before OAKES and WINTER, Circuit Judges, and METZNER, District Judge.*

OAKES, Circuit Judge:

In this diversity action, defendant-below Merck & Co., Inc. (Merck), challenges an order of the United States District Court for the Southern District of New York, Constance Baker Motley, Judge, which denied Merck's motion to dismiss the complaint of plaintiff Eric Carlenstolpe on the grounds of forum non conveniens. Merck simultaneously appeals this decision and petitions for a writ of mandamus compelling the district court to dismiss Carlenstolpe's complaint. Carlenstolpe has counter-moved to dismiss Merck's appeal on the ground that the denial of a motion to dismiss based on forum non conveniens is a nonappealable order. For the reasons stated below, we deny the mandamus petition and dismiss the appeal.

On December 27, 1985, Carlenstolpe, a citizen of Sweden, brought this tort action against Merck, a New Jersey corporation that produces a hepatitis vaccine known as HB–Vax. Carlenstolpe's complaint alleged that Merck was liable in negligence, strict products liability, and breach of warranty for the arthritis that befell Carlenstolpe after he obtained two injections of HB–Vax in Stockholm, Sweden. On February 21, 1986, Merck moved pursuant to Fed.R. Civ.P. 12(b)(3) to dismiss Carlenstolpe's complaint on grounds of forum non conveniens. Essentially, Merck argued that Sweden was a superior forum because the vaccine was approved for distribution by a Swedish government agency, the vaccine's description and warnings were formulated through negotiations with Swedish authorities, Carlenstolpe's alleged injury occurred in Sweden, and most of the witnesses with knowledge regarding liability or damages reside in Sweden. Merck further asserted that the Swedish legal system, which allows Carlenstolpe the alternative avenues of a full judicial proceeding before Sweden's Court of First Instance or a speedier resolution under the Swedish Drug Insurance System, is more than adequate to afford Carlenstolpe a proper review of his claims.

* Of the United States District Court for the Southern District of New York, sitting by designation.

The district court denied Merck's motion on June 27, 1986, *Carlenstolpe v. Merck & Co.*, 638 F.Supp. 901 (S.D.N.Y.1986), finding that Merck had not met its burden of showing that New York as a forum "would be unreasonably inconvenient." *Id.* at 904. On October 8, 1986, the district court denied Merck's motion to certify an interlocutory appeal of its order. Merck now appeals the denial of its certification motion and its motion to dismiss, and also seeks a writ of mandamus to compel the district court to dismiss the action on grounds of forum non conveniens. In response, Carlenstolpe has moved to dismiss Merck's appeal as an unappealable collateral order.

■ *The Mandamus Petition.* Traditionally, a writ of mandamus will not issue unless the petitioner has a right to the relief requested, the respondent is under a clear nondiscretionary duty to perform the act requested, and the petitioner has exhausted all other avenues of relief. *City of New York v. Heckler*, 742 F.2d 729, 739 (2d Cir.1984), *aff'd on other grounds,* — U.S. ——, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *see also In re United States*, 680 F.2d 9, 12 (2d Cir.1982). Absent "exceptional circumstances," mandamus is not available to review and control the exercise of lawfully authorized discretion by a district court. *Will v. United States*, 389 U.S. 90, 95–98, 88 S.Ct. 269, 273–75, 19 L.Ed.2d 305 (1967). " '[M]ere error, even gross error in a particular case ... does not suffice to support issuance of the writ.' " *In re Diamond Shamrock Chems. Co.* 725 F.2d 858, 859–60 (2d Cir.) (quoting *United States v. DiStefano*, 464 F.2d 845, 850 (2d Cir.1972)), *cert. denied*, 465 U.S. 1067, 104 S.Ct. 1417, 79 L.Ed.2d 743 (1984). Where the district court has "considered the appropriate factors in deciding a [motion to dismiss on forum non conveniens grounds], we will issue mandamus only upon a demonstration, not of mere error, but of a clear-cut abuse of discretion." *Golconda Mining Corp. v. Herlands*, 365 F.2d 856, 857 (2d Cir.1966); *see also A. Olinick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439, 443–44 (2d Cir.1966).

■ Here, it is undisputed that Merck developed, produced, and tested the vaccine in New Jersey and Pennsylvania, 638 F.Supp. at 906, making it likely that any proof regarding a possible design or manufacturing defect would center around events occurring in those nearby states. And, the court rightly noted the public interest in having a United States court decide issues concerning possibly tortious conduct occurring in this country. *Id.* at 908. In addition, the fact that New York choice of law "interest analysis" rules, as evidenced by *Schultz v. Boy Scouts of America, Inc.*, 65 N.Y.2d 189, 480 N.E.2d 679, 491 N.Y.S.2d 90 (1985), mandated that Pennsylvania law—the place of the tortious act—would apply in this case, was correctly seen as presenting no great inconvenience to the district court. Overall, although the court could reasonably have found Sweden to be an appropriate forum for this action, it surely was not an abuse of discretion for the court to conclude that New York was in fact a more convenient forum. Accordingly, Merck's petition for mandamus is denied.

*The Motion to Dismiss.* Carlenstolpe asserts that this court lacks jurisdiction to hear Merck's appeal at this time because the order denying the motion to dismiss on forum non conveniens grounds fails to come within the "collateral order" exception to 28 U.S.C. § 1291 identified in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949).

The *Cohen* doctrine requires that three criteria be met before an appeal may be taken from a nonfinal district court order:

First, [the trial court order] "must conclusively determine the disputed question"; second, it must "resolve an important issue completely separate from the merits of the action"; third, it must "be effectively unreviewable on appeal from a final judgment."

*Flanagan v. United States*, 465 U.S. 259, 265, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)). As we have

noted in previous cases, "[a]ttempts to come within the scope of the *Cohen* doctrine have been legion, but we have not been receptive to an expansive reading of this exception to the final judgment rule." *United States Tour Operators Ass'n v. Trans World Airlines, Inc.*, 556 F.2d 126, 128 (2d Cir.1977); *see also Equal Employment Opportunity Comm'n v. American Express Co.*, 558 F.2d 102, 103 (2d Cir. 1977).

 No case in this circuit has squarely ruled on the appealability of an order denying a forum non conveniens motion. Accordingly, Carlenstolpe relies on cases from four other circuits holding that such an order is not appealable under *Cohen.* *See Partrederiet Treasure Saga v. Joy Mfg. Co.*, 804 F.2d 308 (5th Cir.1986); *Rosenstein v. Merrell Dow Pharmaceuticals, Inc.*, 769 F.2d 352 (6th Cir.1985); *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190 (3d Cir.), *cert. denied*, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983); *Nalls v. Rolls Royce Ltd.*, Nos. 82–1975, –1976, –2033, *reh'g denied*, 702 F.2d 255 (D.C.Cir.), *cert. denied*, 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983). Only the Fourth Circuit has allowed interlocutory appeals from the denial of forum non conveniens motions. *See Kontoulas v. A.H. Robins Co.*, 745 F.2d 312 (4th Cir. 1984); *Hodson v. A.H. Robins Co.*, 715 F.2d 142, 145 n. 2 (4th Cir.1983) (finding that such appeals satisfy "all of the requirements of the rule of *Cohen* "). An extensive discussion in favor of *Cohen* appealability is contained in Judge Wilkey's dissent from the District of Columbia Circuit's denial of a rehearing en banc in *Nalls, see* 702 F.2d at 257–62. Despite the reasoning in this opinion, we join the majority of the courts of appeals that have considered the issue and dismiss Merck's appeal as interlocutory.

We do so because the denial of a forum non conveniens motion fails to meet the second and third prongs of *Cohen.* A forum non conveniens determination cannot be considered "completely separate" from the merits of the action because such a determination requires an examination of the alleged culpable conduct to assess where the conduct took place and the relation of the conduct to the plaintiff's chosen forum. Indeed, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), mandates that a forum non conveniens motion be decided by looking into "access to sources of proof; availability of compulsory process for attendance of unwilling ... witnesses; ... and all other practical problems that make trial of a case easy, expeditious and inexpensive." As such, the determining factors in a forum non conveniens motion are "enmeshed" in the underlying cause of action, *see Rosenstein*, 769 F.2d at 354, and necessarily involve an inquiry into the merits of the action, *see Partrederiet*, 804 F.2d at 310; *Coastal Steel*, 709 F.2d at 195.

As to the third prong of the *Cohen* test, we note the *Nalls* dissent's argument that nonreviewability of the denial of a forum non conveniens motion would effectively destroy the defendant's right not to proceed to trial in an inconvenient forum. Judge Wilkey compares denial of a forum non conveniens motion to the denial of a motion to dismiss an indictment on double jeopardy grounds, which under *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034 (1977), is appealable on an interlocutory basis. Thus, he reasons, 702 F.2d at 260, the denial of a forum non conveniens motion should likewise be appealable as a collateral order under *Cohen.*[1]

While this argument has some force, we find it unpersuasive for several reasons. First, the interest of the defendant that is served by the forum non conveniens doctrine is not of the same constitutional magnitude as that protected by the double jeopardy clause; a "liberty interest" is not at stake. In most cases, a forum non conve-

---

1. Justice Powell adopted this reasoning in dissenting from the Supreme Court's denial of certiorari in *Nalls*. *See Rolls-Royce Ltd. v. Nalls,* 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983).

niens dismissal saves a defendant merely from the inconvenience and expense that comes from trial in a forum geographically removed from the primary locus of the challenged conduct. It does not save him from a trial altogether, as application of the double jeopardy clause would do. An unsuccessful defendant will have to bear the inconvenience if the denial of his forum non conveniens motion is not appealable, but the effect of nonreviewability will be mitigated by the possibility, in some cases, of the district court's certification and the appellate court's acceptance of an interlocutory appeal under 28 U.S.C. § 1292(b), *see, e.g., Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 717 F.2d 602, 603 (D.C.Cir.1983), or, in exceptional cases, by the availability of relief by way of mandamus, *see Partrederiet*, 804 F.2d at 310.

Second, allowing interlocutory appeal of denied forum non conveniens motins—while it may help protect some parties from being inconvenienced—would, in general, prolong litigation and increase litigation expenses. The availability of a time-consuming interlocutory appeal from every denied motion will undercut the primary purpose of the forum non conveniens determination: ensuring prompt and inexpensive trial proceedings.

Finally, we have never noticed a reluctance on the part of district courts to grant borderline forum non conveniens motions. *See, e.g., Fitzgerald v. Texaco, Inc.*, 521 F.2d 448 (2d Cir.1975), *cert. denied*, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976); *Overseas Nat'l Airways, Inc. v. Cargolux Airlines Int'l, S.A.*, 712 F.2d 11 (2d Cir.1983); *Overseas Programming Cos. v. Cinematographische Commerz-Anstalt*, 684 F.2d 232 (2d Cir.1982); *Alcoa S.S. Co. v. M/V Nordic Regent*, 654 F.2d 147 (2d Cir.) (en banc), *cert. denied*, 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980).

Accordingly, we find that denial of a forum non conveniens motion is not an appealable order under *Cohen*. Merck's appeal is dismissed.