**Joseph DOWLING and Mary Dowling, Plaintiffs,**

v.

**HYLAND THERAPEUTICS DIVISION, TRAVENOL LABORATORIES, INC., now known as Baxter Healthcare Corp., Armour Pharmaceutical Co., Inc. and Miles Laboratories, Inc., Defendants.**

**No. 90 Civ. 5147 (RPP).**

United States District Court, S.D. New York.

July 2, 1991.

Harley & Browne, New York City by Robert G. Harley, for plaintiff.

Dechert Price & Rhoads, New York City by Howard S. Schrader, for defendant Baxter Healthcare Corp.

Sidley & Austin, New York City by Steven L. Meyers, for defendant Armour Pharmaceutical Co.

Heidell, Pittoni, Moran & Bach, P.C., New York City by Charles L. Bach, Jr., for defendant Miles Laboratories, Inc.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendants, Hyland Therapeutics Division, Travenol Laboratories, Inc., now known as Baxter Healthcare Corp. ("Baxter"), Armour Pharmaceutical Co., Inc. ("Armour"), and Miles Laboratories, Inc. ("Miles"), move to dismiss the present action for *forum non conveniens.* Subject to the conditions stated below, the motion is granted, and this suit is dismissed without prejudice to renewal if the conditions are not met. The suit may be brought in Ireland, where plaintiffs, Joseph and Mary Dowling, reside and the alleged treatment and injury occurred.

## STATEMENT OF FACTS

This suit is a products liability action. Plaintiffs, an Irish citizen and his wife, claim that negligence on the part of the three defendant American pharmaceutical companies resulted in Joseph Dowling's ("Dowling") infection with the human immunodeficiency virus ("HIV") in Ireland in 1985 and his consequent affliction with AIDS. Specifically, Dowling, a hemophiliac, alleges that the blood clotting product, Factor VIII, which was being administered to him prior to his infection with HIV, and which any of the defendants may have manufactured, was contaminated.

Defendants, all of whom "do business" in the New York forum, but whose principal places of business are Illinois, Pennsylvania, and Indiana, respectively, all have subsidiaries in Ireland which market and distribute Factor VIII. Each defendant, however, processes its Factor VIII in the

1. Defendant Armour may also process a portion of its Factor VIII in Eschwege, Germany.

2. While the two other defendants, Baxter and Miles, have declined to respond to plaintiffs'

United States,[1] and at least one defendant, Armour, "collects" its blood products within the United States.[2]

## DISCUSSION

Defendants have moved to dismiss this case on the grounds of *forum non conveniens* in favor of Ireland. Under the doctrine of *forum non conveniens,* a court may decline to take jurisdiction even though jurisdiction has been properly obtained by the litigants and may be lawfully exercised over them. The central concern in a *forum non conveniens* inquiry is whether the plaintiff's chosen forum is so inconvenient as to warrant dismissal. Ordinarily, there is a "strong presumption" in favor of the plaintiff's choice of forum. *Piper Aircraft v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 265–66, 70 L.Ed.2d 419 (1981). However, that presumption has less force when the plaintiff, as here, is not a United States citizen. *Id. See Jennings v. Boeing,* 660 F.Supp. 796, 804 (E.D.Pa. 1987), *aff'd,* 838 F.2d 1206 (3d Cir.1988). Defendants have the "burden" of showing that plaintiffs' choice of forum should be disturbed, *Schertenleib v. Traum,* 589 F.2d 1156, 1160 (2d Cir.1978), and that an alternative forum in fact exists. *Piper Aircraft Co. v. Reyno,* 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22. Here such a forum does exist, as defendants have already consented to service and appearance in Ireland.

In *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), the Supreme Court divided the factors to be considered in applying *forum non conveniens* into two categories, 'private interest' and 'public interest.'

## I. Private Interest Considerations

"The factors pertaining to the private interests of the litigants include[ ] the 'relative ease of access to sources of proof; availability of compulsory process for at-

interrogatories requesting information as to where they collect their blood products, neither has indicated collection of blood products in Ireland.

tendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 258 n. 6, 70 L.Ed.2d 419 (1981), *quoting Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

Here it is apparent that all evidence relating to Dowling's medical history and medical treatment is in Ireland. As Dowling is a fifty-one year old hemophiliac, both histories are apt to be extensive; for example, because numerous blood tests and products have been administered to Dowling, there is a strong possibility of exposure to HIV through products or actions other than those of defendants. Further, the manner in which Dowling was administered Factor VIII, other products, and health care on each occasion, and the potential liability of hospitals, clinics, medical personnel, suppliers of equipment, or other manufacturers of blood clotting products, all present issues of proof to which Ireland as forum would provide better access.

On the other hand, the evidence relating to the question of whether defendants' products were negligently manufactured or were defective upon leaving defendants' premises is evidence to which New York has easier access. Such evidence may be the critical liability evidence. *Carlenstolpe v. Merck & Co., Inc.,* 638 F.Supp. 901, 906 (S.D.N.Y.1986), *appeal dismissed,* 819 F.2d 33 (2d Cir.1987) (defendant American pharmaceutical company, sued in negligence by Swedish plaintiff regarding hepatitis vaccine developed and manufactured in Pennsylvania and administered in Sweden, was denied dismissal to Sweden for *forum non conveniens* ).

In either forum third party witnesses from the other forum would not be subject to compulsory process. The party seeking to call them would have to rely on letters rogatory. In this connection it is noted that plaintiffs' evidence from within the United States would, in all probability, be documents and testimony of employees of defendants, whereas it is much more likely that defendants' discovery in Ireland would involve third party witnesses.

Either party would have the expense of transporting willing witnesses to the other forum. In view, however, of defendants' inability to implead potential third party defendants, the private interests favor Ireland as the forum, "as long as plaintiff[s'] access to the ... records is assured, as it will be by the conditions placed on dismissal." *Ledingham v. Parke–Davis Div. of Warner Lambert,* 628 F.Supp. 1447, 1451 (E.D.N.Y.1986). *See Pain v. United Technologies Corp.,* 637 F.2d 775, 790 (D.C.Cir. 1980), *cert. denied,* 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981).

## II. Public Interest Considerations

"The public factors bearing on [a *forum non conveniens* determination] include[ ] the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft v. Reyno,* 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6, *quoting Gulf Oil Corp. v. Gilbert,* 330 U.S. at 509, 67 S.Ct. at 843.

Since plaintiffs are requesting punitive damages, the trier of fact may be required to decide if the protection of the public requires that a defendant here be punished for its conduct. The public interest in AIDS prevention is equally important in New York as in Ireland. However, in all other respects the public interest clearly favors trial in Ireland. Irish law would apply since Dowling received treatment, allegedly contracted HIV, and at all times resided in Ireland. *See Ledingham v. Parke–Davis Div. of Warner–Lambert,* 628 F.Supp. 1447, 1452 (E.D.N.Y.1986). Furthermore, any compensatory damages for expenses or loss of consortium could be

more fairly assessed in Ireland by a trier of fact knowledgeable about expenses in that country. In view of the foregoing, the case should be dismissed on *forum non conveniens* grounds.

In order to ensure that neither party is prejudiced by this determination, defendants' motion to dismiss will be granted on condition that defendants execute and file with this Court within 30 days of the date of this order a certificate stating:

1. that defendants consent to suit and acceptance of process in any suit plaintiffs file in Ireland on the claims that are the subject of the instant suit;

2. that defendants waive any statute of limitations defense that may be available to them in Ireland;

3. that defendants will afford plaintiffs discovery in the United States by any of the methods permitted by Rule 26 of the Federal Rules of Civil Procedure for actions conducted in the United States, and that defendants agree to make available for discovery and for trial, and at their own expense, any documents, records, or witnesses, including retired employees, within their control that are needed for the fair adjudication of the plaintiffs' claims in Ireland;

4. that defendants will not act to prevent plaintiffs from returning to this Court if the Court in Ireland declines to accept jurisdiction of this action, if it is filed in Ireland within 60 days of the entry of this Order.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss this action for *forum non conveniens* is granted, subject to defendants' compliance with the named conditions.

. IT IS SO ORDERED.