[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned matter involves post-judgment proceedings between the defendant ("Mrs. LaBonte"), a Connecticut resident, and the plaintiff ("Mr. LaBonte"), a New Hampshire resident. Specifically, Mrs. LaBonte has moved to modify the visitation and child support provisions contained in a New Hampshire decree of dissolution of marriage (the "Decree") entered on June 12, 1986. At all times since the entry of the Decree, Mr. LaBonte has resided in New Hampshire. Mrs. LaBonte CT Page 4308 and the parties' minor child (who is presently 14 years of age) have continuously resided in the State of Connecticut since the entry of the Decree. Mr. LaBonte has moved to dismiss Mrs. LaBonte's motions seeking to modify the visitation and child support provisions of the Decree on the grounds of forum non conveniens, to wit: that such proceedings should be heard in New Hampshire or, alternatively, in both Connecticut and New Hampshire under the auspices of the Uniform Reciprocal Enforcement of Support Act ("URESA"), C.G.S. § 46-180 at seq.[1]
In support of his motion, Mr. LaBonte places great emphasis upon the availability of URESA as a vehicle for the disposition of this matter. Specifically, he contends that these proceedings should be handled through the concerted efforts of the courts of both Connecticut and New Hampshire in accordance with URESA. This argument fails for at least two reasons. First, the URESA procedures, which are designed to address support issues, cannot be used to resolve the issues raised by Mrs. LaBonte's motion to modify the visitation provisions of the Decree. More importantly, however, the URESA procedures, while perhaps available to Mrs. LaBonte regarding the support issues before the Court, are not her exclusive means of redress. Indeed, URESA specifically provides that its remedies "are in addition to and not in substitution for any other remedies." C.G.S. § 46b-181.
Mr. LaBonte also relies upon Brown v. Brown,195 Conn. 98, 486 A.2d 1116 (1995) in support of his contention that this Court should dismiss these proceedings on the grounds of forum non conveniens. It is noteworthy, however, that Mr. LaBonte's memorandum of law in support of his motion to dismiss focuses only upon this Court's exercise of personal jurisdiction regarding the support issues raised by Mrs. LaBonte. To this extent, Brown is inapposite because it addresses the doctrine of forum non conveniens under C.G.S. § 46b-97. That statute, enacted as part of the Uniform Child Custody Jurisdiction Act; C.G.S. § 46b-90 at seq; encompasses more than the customary considerations inherent in adjudicating a forum non conveniens claim by superimposing certain additional custody-based considerations. C.G.S. §§ 46b-97 (c)(1)-(5). These expanded considerations inherent in a motion to dismiss custody proceedings on grounds of forum non conveniens have no applicability to proceedings involving a modification of child support.[2]
CT Page 4309
The doctrine of forum non conveniens was addressed by our Supreme Court in Ricketts v. International Playtex, Inc.,215 Conn. 490, 576 A.2d 518 (1990). As the Court there noted, the central principle of the forum non conveniens doctrine is that the choice of forum made by the party seeking relief (usually the plaintiff, but here the defendant) should rarely be disturbed. In characterizing the doctrine of forum non conveniens as a "drastic remedy", the Court quoted fromCarlenstolpe v. Merck Co., 638 F. Sup. 901, 909 (S.D.N Y 1986), appeal dismissed, 819 F.2d 33 (2d Cir. 1987):
 The overriding inquiry in a forum non conveniens motion is not whether some other forum might be a good one, or even a better one than the plaintiff's chosen forum. The question to be answered is whether [the] plaintiff's chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved.
Picketts, at 501.
In the instant proceedings, the Court perceives nothing to suggest that this forum is either inappropriate or unfair for any reason or, moreover, that the courts of New Hampshire are a more appropriate forum for the disposition of these issues. The issues before the Court relate to the minor child who resides, and for more than ten years has resided, in this State. To be sure, the financial circumstances of the parties will be relevant to the issue of child support, however there is nothing to suggest that any necessary financial information cannot be obtained by the parties through normal discovery channels. Moreover, whatever inconvenience Mr. LaBonte may suffer in having to produce such information in Connecticut would be no greater than the inconvenience to which Mrs. LaBonte would be subject if the proceeding were conducted in New Hampshire. Finally, there is no suggestion that the convenience of witnesses weighs in favor of proceeding in New Hampshire. On the issue of child support, it would appear that at least one of the parties will be inconvenienced to some degree in travelling to the forum of the other (such inconvenience appearing to be no greater in the case of one as opposed to the other). To the extent that visitation issues are litigated, it bears repeating that the minor child has resided CT Page 4310 in the State of Connecticut for more than ten years and, therefore, it would appear that much of the evidence involving the child (including, most notably, the child himself) is located here.[3] For all the reasons set forth above, the motion to dismiss is denied.
Dated this 8th day of April, 1997.
Shortall, Judge